LEE v. MASON.

## George W. Lee v. Robert G. Mason.

On the foreclosure of a mortgage by advertisement and sale under the statute, where the premises consist of several parcels not adjoining each other, the sale of the parcels must be separate, and the deed given in pursuance of the sale must show the price at which each parcel was sold.

Where the deed given on such a sale was for several parcels, for one sum named as the purchase price of all, the foreclosure was held invalid.

*Heard July 18th. Decided July 21st.*

On case made from Clinton Circuit.

Lee commenced proceedings before the Circuit Court Commissioner for Clinton county, to recover possession of certain premises held by Mason, and which Lee claimed under the foreclosure by Bacon, his grantor, of a mortgage given by one Vansice, from whom Mason derived title. The mortgage was of three several parcels of land, two of which were adjoining, and the other a mile or more distant. After trial before the Commissioner, the case was appealed to the Circuit Court, and the cause there tried without a jury. On this trial, it was admitted that Mason had given a proper notice for the purpose of foreclosing the mortgage by advertisement under the statute; that a sale had taken place thereon, and that Bacon bid in the land, and no redemption had been made, though more than a year had expired since the sale. A deed from the sheriff to Bacon was then given in evidence. It recited that the sheriff, on September 24th, 1858, sold at public vendue, to Bacon, for $129.02, the three parcels of land described in the mortgage, in pursuance of the notice of sale which had been given. There was also given in evidence an affidavit of the sheriff, made at the date of the deed, and filed in the office of the Register of Deeds, stating that all the land described in the mortgage was sold to Bacon, at the time and for the sum specified in the deed. Upon this evidence, the Circuit Judge gave judgment for the plaintiff.

*H. M. Perrin* and *T. M. Cooley*, for defendant.

*R. Strickland*, for plaintiff.

CAMPBELL J.:

Mason was proceeded against as holding over after foreclosure of a mortgage made by his grantor, the equity of redemption being alleged to have expired. The premises consisted of parcels, some of which were not adjoining. The sheriff's deed on foreclosure conveys all of these parcels for one sum named as the purchase price, to Lee's grantor, who was owner of the mortgage; and nothing appears by it to show that the land was sold in parcels, or, if so, for what sum each parcel sold. The statute provides that "If the mortgaged premises consist of distinct farms, tracts or lots, they shall be sold separately, and no more farms, tracts or lots shall be .sold than shall be necessary to satisfy the amount due on such mortgage," &c—*Comp. L.* § 5183. By § 5187 a right is given to redeem any parcel separately sold.

By the Revised Statutes a separate deed seems to have been contemplated of each parcel sold; and the price of the parcel was the consideration of the deed when so made.—*R. S. of* 1846, *Ch.* 130, § 9. The law as it now stands provides that one deed of the premises bid off by him may be made to each purchaser, specifying as the consideration "the precise amount for which such parcel was sold;" and the person selling is required to endorse thereon the time when such deed will become operative in case the premises are not redeemed according to law, and forthwith deposit it with the County Register, to whom the redemption money may be paid for any parcel separately sold.—§§ 5185, 5187. As the deed is the only instrument absolutely required to be left with the Register, it is manifest that it was not the effect of the amendment to do away with the necessity of showing by it the price bid for each parcel; for otherwise there would be no reliable source of information on that head. Such a matter could not be left to be ascertained by outside inquiry. The

LEE *v.* MASON.

Register's action is based upon the deed in his official custody.

As this case does not show a compliance with the statute, the foreclosure can not be regarded as complete. The statutory proceeding being *ex parte*, must conform in all matters to the conditions expressed by the Legislature. We can not regard the provision requiring separate sales of separate parcels as merely directory. It is essential to secure the interests of the various parties from loss or prejudice. The person claiming under a foreclosure of a mortgage, where the parcels are separated, as some of them are here, must fail unless it is complied with. The judgment below must be reversed, and a new judgment must be entered in this Court, that Mason is not guilty of unlawfully holding over the premises demanded, and that he recover against Lee his costs in this Court, the Circuit Court, and before the Commissioner.

The other Justices concurred.