GEORGE H. RANDALL v. MAJOR S. CHUBB.

*Assignability of lease on shares—Forfeiture of personal lease.*

A lease upon shares is a personal contract and not assignable where the amount of rent received must depend on the character and skill of the lessee, or where it gives the lessee the use of the lessor's tools on condition that they may be properly kept.

A personal lease is forfeited by an assignment and attempt to give the assignee possession, and the lessor may take immediate steps to recover the premises.

46 311
103 103

46 311
117 556

46 311
s9NW 429
s41AR 165
129 668

46 311
s9NW 429
s41AR 165
e130 ² 27

46 311
140 ²460
140 ²521

Error to Livingston. Submitted June 15. Decided June 22.

PROCEEDINGS under Comp. L. ch. 211 to recover possession of lands. Defendant brings error. Affirmed.

*Waddell & Montague* for plaintiff in error. A tenant's letting part of the leased premises on shares for a single crop is not a lease of the land and does not make the lessee on shares a tenant of the original landlord: 1 Wash. Real Prop. §§ 377–9; *Caswell v. Dietrich* 15 Wend. 379; *DeMott v. Hagerman* 8 Cowen 220; *Putnam v. Wise* 1 Hill. 241; *Tripp v. Riley* 15 Barb. 333; *Bradish v. Schenck* 8 Johns. 151; *Chandler v. Thurston* 10 Pick. 205; *Fiquet v. Allison* 12 Mich. 329; a tenant cannot so change the relation between himself and his landlord without giving up possession: *Bertram v. Cook* 32 Mich. 521; *Fuller v. Sweet* 30 Mich. 237; *Doty v. Gillett* 43 Mich. 203.

MARSTON, C. J. The evidence fully sustains the finding of facts in this case.

Chubb leased the premises in question to Ayers Stoddard for the term of three years, with the privilege of five, upon shares. Stoddard was to do all the work, find all the seed and to deliver to the lessor one-third the crops. The farm was to be cropped in a certain specified way, and the lessee was to have the use of certain farm implements of the lessor,

and was to take good care of them and repair them at his own expense during the term of the lease. This lease and his rights thereunder the lessee afterwards undertook to assign to the plaintiff in error, and under circumstances of questionable good faith, and these proceedings were instituted by the lessor to recover possession of the premises.

The judgment of the court below was correct. The very nature and character of the lease or agreement shows that it was a personal one to the defendant, and could not be assigned by him to a third party without the consent of his lessor. The rent or share which the latter would receive, must depend very much upon the character of the lessee, and the latter could not place a party in possession of the premises, who might not be a good husbandman, and who might not be able to carry on the farm operations in a good, careful, and proper manner. Under such a lease the landlord has a right to choose his tenant, and he may be willing to lease upon shares to one man, and yet be wholly unwilling to let another have possession upon any terms. So with reference to the use of his farm implements, one might be a careful, prudent man, who would take good care of them, while another more reckless would not by the owner be permitted to use them upon any terms. The attempt to assign this lease and put another in possession thereunder worked a forfeiture thereof, and enabled the lessor to take immediate steps to regain possession.

The judgment must be affirmed with costs.

The other Justices concurred.