FREDERICK DURM v. BENJAMIN F. FISH.

*Mortgages—Effect of release on power of sale—Sale in parcels.*

A release of a parcel of land from a mortgage does not defeat the right to sell the rest of the mortgaged premises under a power of sale.

Mortgaged premises may be sold as a single parcel where they were so mortgaged, even though they have been since subdivided by the

mortgager but without the mortgagee's concurrence; but where the parties have joined in obtaining the release of a parcel so situated as to leave the rest in distinct parcels and thus affect the security, the sale is void if not made in parcels.

Error to Berrien. Submitted June 15. Decided June 22.

EJECTMENT. Defendant brings error. Reversed.

*James A. Kellogg* for plaintiff in error.

*O. W. Coolidge* for defendant in erorr. Where lands have been mortgaged in one parcel, and are afterwards sub-divided, the mortgagee, on foreclosing, can insist on a sale in one parcel unless indemnity is offered : 2 Jones Mort. § 1859; *Griswold v. Fowler* 24 Barb. 135 ; *Lameron v. Marvin* 8 Barb. 9; *Cox v. Wheeler* 7 Paige 250 ; *Sherman v. Willett* 42 N. Y. 150.

COOLEY, J. Fish was plaintiff in the court below, and sought to recover in ejectment the possession of certain premises in Niles which he claimed under a mortgage fore-closure. The mortgage which was foreclosed was given to him by one Moses Davis, and bore date May 15, 1865. The mortgaged premises were therein described as "all that part of the southeast quarter of section twenty-seven in town seven south of range seventeen west lying east of the Mich-igan Central Railroad and bounded south and east by section lines, on the north by land owned and occupied by John B. Reddich, and on the west by land owned and occupied by Charles H. Griffith." June 6, 1865, Davis sold a parcel of the land extending entirely through the whole tract, and on paying to Fish the purchase price, obtained from him a release to the purchaser of the parcel sold. Later in the same year he platted the whole parcel into blocks and lots as an addition to the city of Niles, and the lot previously sold and released was designated as lot seven of block two. After thus platting his land Davis sold one of the lots to Durm. In June, 1874, Fish advertised the mortgaged premises for sale under the power contained in the mortgage,

and in his notice described the land as in the mortgage with the following added : " Excepting and reserving from such all that portion of said premises which has been released from the lien of said mortgage, and which portion is now known and described as lot number seven in block number two in Moses Davis' addition to the city of Niles." When the time of sale arrived the whole land as described in the notice of sale was offered in one parcel, and was struck off to Fish for the amount remaining unpaid. After the time for redemption had expired, this suit was instituted for the recovery of the lot which Durm had purchased and of which he was in possession.

The validity of the foreclosure proceedings is now questioned, because the sale was made as if the land sold was a single parcel, whereas the release which had been executed had made of it two parcels.

The statute regulating foreclosures under the power of sale requires the notice to contain " a description of the mortgaged premises, conforming substantially with that contained in the mortgage." It also requires that " If the mortgaged premises consist of distinct farms, tracts, or lots, they shall be sold separately, and no more farms, tracts or lots shall be sold than shall be necessary to satisfy the amount due on such mortgage, at the date of the notice of sale, with interest, and the costs and expenses allowed by law." Comp. L. §§ 6915, 6918.

Apparently the statute contemplates that the same land which is mortgaged shall by the same description be advertised for sale. Nevertheless if a parcel has been released we do not think the right to sell under the power is thereby defeated ; and it will doubtless be sufficient if the description follows that in the mortgage so as to enable the title to be traced of record, and then specifies and excepts the part released. The release, therefore, was of itself no fatal objection to this proceeding. We have no doubt, also, that where the land was mortgaged as a single parcel it may be sold as a single parcel without regard to subsequent subdivisions by the mortgagor with which the mortgagee had no connection.

But in this case the land had been separated into distinct parcels by the conjoint action of the two parties. The release rendered necessary a change in the notice which should recognize this separation. The parceling made an important change in the security: it was no longer a mortgage on one parcel, but on two, and the land could not be advertised as one parcel, for it was not one in fact, and a notice and sale that should follow the original description would manifestly be bad. The mortgagee, therefore, must proceed according to the new condition of things which he has concurred with the mortgagor in creating, and not according to the condition of things existing before.

If we are right in this, the sale should have been made in parcels, and is void because not so made. *Lee v. Mason* 10 Mich. 403; *Udell v. Kahn* 31 Mich. 195. The point is well taken by the assignment of errors, and must prevail.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.