ROLLIN A. KEYES v. CECELIA I. SHERWOOD AND ISAAC S. SHERWOOD.

*Mortgage—Partial release—Statutory foreclosure—Sale in parcels.*

1. The provision of How. Stat. § 8503, requiring a sale in parcels on statutory foreclosure, is not merely directory (*Lee v. Mason,* 10 Mich. 403; *Udell v. Kahn,* 31 Id. 195), but is for the benefit of the mortgagor and purchasers from him, and is intended to protect important rights in the redemption of the premises, as well as being best calculated to bring a better price at the sale.

2. Where a mortgagee releases a portion of the mortgaged premises, and thereby severs the unreleased portion into two separate parcels, which are owned and occupied in severalty, such unreleased portion cannot be advertised and sold as one parcel on a statutory foreclosure. *Durm v. Fish,* 46 Mich. 312.

Error to Berrien. (O'Hara, J.) Argued June 13, 1888. Decided October 12, 1888.

Ejectment. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Clapp & Bridgman,* for appellant.

*Edward Bacon,* for defendants.

CHAMPLIN, J. This action is ejectment to recover the N. E. ¼ of the N. W. ¼ of section 20, in town 4 S., range 18 W.; and also a right of way on the west side of the S. E. ¼ of the N. W. ¼ of said section. The plaintiff's right to recover depends upon the validity of a sale made under a foreclosure of a mortgage by advertisement, covering the lands in question. The mortgage was executed on June 1, 1868, by Charles R. Brown, Celinda L. Brown, Henry M. Brown, and Delia Brown,

to Jane G. W. Taylor; and among other lands contained the description following:

"The east half of the north-west quarter of section twenty, in town four south, in range eighteen west."

In June, 1875, the mortgagee executed a release and discharge of a portion of the mortgaged premises described as follows:

"The south one-half of the east one-half of the north-west quarter of section twenty (20), town four (4) south, of range eighteen (18) west; excepting forty-four (44) rods square on the south-east corner of said forty acres, which is conveyed to Silas Allen (it being the intention hereby to discharge said mortgage as far only as it covers twenty-seven and 88-100 acres of land deeded by Isaac S. Sherwood and Cecelia I. Sherwood to William D. Sherwood, by deed dated February 7, A. D. 1865)."

· The proceedings to foreclose the mortgage were begun August 18, 1877, and the description covering the lands in question is as follows in the notice published:

"The east half of the north-west quarter of section twenty, in town four (4) south, of range (18) west; but excepting and reserving from the said mortgage sale the south half of the east half of the north-west quarter of section 20, in town 4 south, of range 18 west; excepting forty-four rods square in the south-east corner of said forty acres, which is conveyed to Silas Allen, and the right of way on the west side of said forty acres to the north forty-acre lot adjoining said land, reserved free from said sale; being twenty-seven and eighty-eight one hundredths of land deeded by Isaac S. Sherwood and wife to William D. Sherwood, by deed dated February 7, 1865, having been released and discharged from the lien of said mortgage."

The mortgagee became the purchaser at the sale, at which all the land covered by the mortgage on the E. ½ of the N. W. ¼ of section 20, except the portion released, was sold as one parcel. The sheriff's deed to the purchaser follows substantially the description in the notice of sale.

The annexed plat shows the situation of the mortgaged premises at the time of sale :

*East half N. W. quarter, Sec.* 20, *T.* 4 *S., R.* 18 *W.*

At the time of the mortgage foreclosure, each of the parcels appearing on the plat were owned by different persons, and were in the actual occupancy of such separate owners, and were separated by division fences.

The statute authorizing foreclosure of mortgages by advertisement provides as follows :

"If the mortgaged premises consist of distinct farms, tracts, or lots not occupied as one parcel, they shall be sold separately; and no more farms, tracts, or lots shall be sold than shall be necessary to satisfy the amount due on such mortgage at the date of the notice of sale, with interest, and the costs and expenses allowed by law; but, if distinct lots be occupied as one parcel, they may in such case be sold together." How. Stat. § 8503.

We have heretofore held that the provisions of this statute are not merely directory. *Lee v. Mason*, 10 Mich. 403; *Udell v. Kahn*, 31 Id. 195. When the mortgagee has, by releasing a portion of the mortgaged premises, severed a parcel of land described in the mortgage into two separate and distinct parcels, the parcels so separated by the released portion cannot under this statute be advertised and sold as one tract or parcel. The provision for sale in distinct parcels is for the benefit of the mortgagor and purchasers from him, and is intended to protect important rights in the redemption of the premises, as well as being best calculated to bring a better price at the sale.

This case is ruled by the case of *Durm v. Fish*, 46 Mich. 312 (9 N. W. Rep. 429), and the judgment of the circuit court must be affirmed.

SHERWOOD, C. J., MORSE and CAMPBELL JJ., concurred. LONG, J., did not sit.