HAWES *v.* DETROIT FIRE & MARINE INSURANCE CO.

1. Mortgage — Default in Interest — Option to Declare Principal Due—Notice of Election.

Where a mortgage authorizes the mortgagee, at his election, to treat the principal sum as due in case of default in the payment of interest, the institution of foreclosure proceedings sufficiently indicates his election, and previous notice thereof is not necessary.

2. Same—Foreclosure—Sale in Parcels.

Mortgaged premises consisting partly of unplatted land, and partly of land platted by the mortgagor for the purpose of selling it as lots, which plat was recognized by the mortgagee, though not recorded, cannot be said to constitute a single farm; and a sale thereof as a single parcel, on foreclosure of the mortgage, is irregular.

3. Same—Equity—Bill to Redeem—Parties.

A bill to set aside a deed made on the statutory foreclosure of a mortgage, for irregularity in selling the property as a whole, instead of in parcels, is in effect a bill to redeem, to which the complainant's wife should be made a party.

4. Same—Decree for Resale.

Complainant in such case must be prepared to make payment of the amount actually due, or, in default thereof, a resale in parcels will be decreed.

Appeal from Kalamazoo; Buck, J. Submitted April 9, 1896. Decided May 19, 1896.

Bill by Josiah L. Hawes against the Detroit Fire & Marine Insurance Company to set aside a sheriff's deed on foreclosure. From a decree for complainant, defendant appeals. Modified.

*Hawes & Luby* (*A. J. Mills*, of counsel), for complainant.

*Moores & Goff*, for defendant.

MONTGOMERY, J. Complainant filed a bill to set aside a deed made on a statutory foreclosure of a mortgage executed by himself and wife. The mortgage contained a provision that in case of default in payment of the interest at its maturity, continuing for a period of 30 days, the principal sum, with all the arrearages of interest, should become due and payable immediately. The property mortgaged was described in the mortgage as follows:

"The southwest quarter, (160) one hundred sixty acres, and the southerly thirty (30) acres of the east half of the northwest quarter, section number nineteen (19); also, that portion of the north half of the southeast quarter of said section nineteen (19) lying west of the Comstock road (so called), and north of a private way, marked on the plat of the subdivision of said Hawes as lots numbers six (6), seven (7), eight (8), nine (9), ten (10), eleven (11), twelve (12), except the easterly half of said lots six (6), seven (7), and eight (8), and containing about thirty-one (31) acres; all in township two (2) south, range ten (10) west."

At the time of the foreclosure of the mortgage, three installments of interest were past due; and the mortgagee, assuming to act under the option contained in the mortgage, claimed, in obtaining notice of sale, that the whole amount was due, and sold the property for the whole amount. The property was not sold in parcels, but as a whole. The two principal grounds of complaint made against the regularity of the proceeding are that there had been no previous notice of the intention to declare the whole amount due, and that the property should

have been sold in parcels. The circuit judge sustained the claim of the complainant as to each of these contentions, set aside the sale, and decreed a sale of the premises in parcels to satisfy the amount of the interest due. Defendant appeals.

1. By the clear weight of authority, notice of election to treat the whole amount of the mortgage debt as due before proceeding to foreclose is not necessary. The procedure to foreclose sufficiently shows the mortgagee's intention. *Harper* v. *Ely*, 56 Ill. 179; 2 Jones, Mortg. § 1182; 2 Ping. Mortg. § 1539, and cases cited; *Johnson* v. *Van Velsor*, 43 Mich. 208.

2. The mortgagor, when applying for the loan, proposed at first to include only that portion of the land not platted, but stated in the letter requesting a loan that, if thought necessary, he would cover the platted portion, which he held for sale. This was described in the correspondence as celery land. When the mortgage was made, an agreement permitting the mortgagor to sell this land, or any portion of it, at $80 per acre, was made. As a matter of fact, this description of land was not used in connection with the other portions of the farm, but was held for sale in parcels as platted. While this plat was not recorded, it was recognized by the mortgagee, and the property was described by reference to it. We think, under these circumstances, it cannot be said to comprise, with the remaining portion, one farm; and the sale must be said to be, for this reason, irregular.

3. It is contended by the defendant that the remedy of complainant is by bill to redeem. The practice in such cases is pointed out in *Fosdick* v. *Van Husan*, 21 Mich. 567, and *Huyck* v. *Graham*, 82 Mich. 357, and it rests upon the principle that he who seeks equity must do equity; and, as complainant asks relief in equity, he should either be prepared to make payment, or have a sale of the premises for the amount due. For this purpose the complainant's wife should have been made a party. The case will be remanded, with leave to complainant to

make his wife a party complainant, and on failure to do so within 30 days the bill will be dismissed.  Upon her being made a party, a decree should be entered permit- ting complainants to pay the amount of the mortgage and interest within 60 days, and, in default thereof, decreeing a sale of the premises in parcels to satisfy the amount of the mortgage, principal and interest, and costs. Neither party will recover costs in the court below.  De- fendant will be entitled to recover costs in this court.

GRANT, HOOKER, and MOORE, JJ., concurred.  LONG, C. J., did not sit.