McINTYRE *v.* WYCKOFF.

1. MORTGAGES — FORECLOSURE — DISTINCT FARMS — SALE IN PARCELS—SECOND INCUMBRANCE.
   Where land covered by a mortgage is occupied as two distinct farms, it is proper, under 2 How. Stat. § 8503, on foreclosure, to sell the farms separately, although the premises are subject to a prior incumbrance.

2. SAME—REDEMPTION—RESTRICTION AS TO TIME.
   One cannot complain that permission to redeem from a mortgage, granted as an act of grace, was limited to be exercised within 20 days.

3. SAME—DESCRIPTIONS—FORECLOSURE SALE.
   A mortgage covered certain lands, "less one acre sold therefrom." · The one acre was leased, not sold, and a second mortgage, given to secure the payment of accrued interest upon the first, covered the entire description, and contained the usual covenants of warranty. *Held,* that it was proper, on foreclosure of the second mortgage, to sell as one parcel.

Appeal from Huron; Beach, J. Submitted January 26, 1899. Decided March 23, 1899.

Bill by John McIntyre against Frank H. Wyckoff and others to set aside a mortgage foreclosure. From a decree dismissing the bill, complainant appeals. Affirmed.

January 23, 1893, complainant executed a mortgage to defendant Wyckoff for $1,750, upon two descriptions of land, each of which was occupied as a farm. One piece contained 120 acres. The second piece was described as

follows: "The S. ½ of the S. E. ¼, less one acre sold there-from, of section 19, T. 15 N., R. 12 E." Complainant was unable to pay the interest due upon this mortgage at the end of a year, and executed another mortgage, for $150, upon the same land, to Mr. Wyckoff. This mortgage, however, included the whole of the S. ½ of the S. E. ¼ of section 19. It contained the usual covenants of warranty. Complainant paid neither interest, principal, nor taxes. In 1895 proceedings were taken to foreclose the second mortgage by advertisement. The proceedings were regular, and the land was sold pursuant to the notice, on June 17, 1895, to defendant Wyckoff. Complainant did not redeem. On March 22, 1897, defendant Wyckoff served a notice upon complainant to surrender up possession of said premises. Thereafter, and on June 7, 1897, complainant filed this bill, praying that the sale of said premises be set aside, as null and void, that an accounting be had to determine the amount due upon said mortgages, and that the tax certificates and deeds issued by the auditor general be canceled. The case was heard upon pleadings and proofs taken in open court, and decree rendered dismissing the bill of complaint, but permitting the complainant to redeem by the payment of the amount determined by the decree to be due to the defendant Wyckoff within 20 days from the date thereof. From this decree, complainant appeals.

*Hiram L. Chipman* (*Bacon & Palmer*, of counsel), for complainant.

*W. T. Bope*, for defendants.

GRANT, C. J. (*after stating the facts*). The reasons given in the bill of complaint, upon which complainant seeks relief, are these:

(1) The lands were sold for an amount in excess of the amount due on the mortgages..

(2) The sale is void because the equity of redemption in the lands was divided, and sold as two parcels.

(3) Because the second parcel was sold as one parcel, whereas it should have been sold in two, viz., the one-acre piece, and the balance excluding this acre.

(4) Because there was an agreement made at the time of the foreclosure sale between complainant and one Ryan, who acted for Wyckoff in the foreclosure proceedings, that, if he (complainant) would make no contest or unnecessary expense, Wyckoff would bid the property in, sell it, retain the amount due him on the two mortgages, and pay the balance to complainant.

1. Complainant testified that he did not receive the full amount of the two mortgages, and that, therefore, the amount alleged to be due was excessive. Upon this point, as well as upon the alleged agreement for the foreclosure proceedings, there is a direct conflict of testimony. We think the circuit judge reached the correct conclusion. The preponderance of evidence is with the defendant Wyckoff on both these points. A discussion of the testimony would be valueless.

2. The sale in two parcels was in strict compliance with the statute. Each was occupied as a separate farm, and complainant was possessed of the equity of redemption in each parcel. Under our statute, there was no indivisible equity of redemption on account of the prior mortgage. Our statute is explicit upon this point (2 How. Stat. § 8503), and requires distinct farms to be sold separately.

3. Complainant insists that the 20 days to pay the amount found to be due was unreasonable. The permission given by the decree to the complainant to redeem was an act of grace, and not of right. From that decree the defendants have not appealed. It follows that the complainant is not in a position to raise that question.

4. We see no force in the contention that the one acre should have been excepted from the sale. If the act of the parties by the first mortgage, though the description was indefinite, had recognized this as two parcels, the second mortgage, which was being foreclosed, recognized them as one parcel; for that mortgage covered the entire description, and complainant gave a warranty of title. It appears that this one acre was not sold, but was leased.

Decree affirmed, with costs.    Complainant will be given 20 days within which to comply with decree.

HOOKER, MOORE, and LONG, JJ., concurred.    MONTGOMERY, J., did not sit.