### O'CONNOR v. KEENAN.

1. MORTGAGES—FORECLOSURE—SALE IN PARCELS.
    A statutory mortgage foreclosure sale of three lots, occupied by three distinct and separate tenancies, as one parcel, is void, although there was a fence around the entire tract.

2. PARTITION—MORTGAGES—FORECLOSURE—PARTIES.
    Under 3 Comp. Laws, § 11020, relating to the partition of lands, a mortgagee has a right to sell lands during partition proceedings therefor, and, upon failure to redeem, to become a party to the partition proceedings.

3. SAME—VOID SALE—RESALE.
    Where a mortgage sale of lands pending partition proceedings is held void for failure to sell in parcels, the mortgagee should be permitted to resell upon failure to redeem within a time to be specified in the decree.

Appeal from Wayne; Frazer, J. Submitted February 18, 1903. (Docket No. 90.) Decided April 7, 1903.

Bill by Timothy O'Connor, trustee, against William J. Keenan and others, for a partition of certain lands. After a decree for partition, J. Ward Howland, executor of the last will and testament of John Ward, deceased, petitioned to be made a party, claiming as purchaser at certain mortgage sales; and from a decree declaring the sales void he appeals. Modified.

One Honora Keenan died intestate October 13, 1896, seised of certain lands, and leaving as her sole heirs at law four children, William J., Michael J., Thomas P., and Mary Ann Danaher. Mrs. Danaher died December 1, 1896, leaving a will by which she devised her one-fourth interest in these lands to complainant, Timothy O'Connor, in trust for her three children. He filed this bill February 3, 1898, to secure a partition of the lands. Thomas P. died June 7, 1897, intestate. His one-fourth interest thus passed to his two brothers and the children of his sister, subject to a mortgage of $300. Michael J. executed five mortgages on his one-fourth interest, aggregating $1,175. He died November 20, 1899, leaving a widow and two children. Decree for partition was entered April 17, 1900. On March 12, 1900, one Mary E. Barnard, the mortgagee of the above mortgages, commenced foreclosure, by advertisement, of the Thomas P. Keenan mortgage and the last of the Michael J. Keenan mortgages. Sales were had, and the mortgaged interests were bid in by Charles Amsden and J. Ward Howland, executors of the will of John Ward, deceased. The lands were sold in three parcels, the third parcel being described as follows: "Lots 17, 18, and the southerly 40 feet of lot 16 of the subdivision of that part of private claim 10, occupied as one parcel." The parties did not redeem, and, after the expiration of the time of redemption, Mr. Howland, as surviving and sole executor, presented to the court his petition under 3 Comp. Laws, § 11020, reading as follows:

"If, at any time prior to the confirmation of the report of the commissioners appointed to make such partition,

any person  *  *  *  who has acquired a title in fee to any part of said premises by virtue of any mortgage or execution sale of any interest thereon shall apply to the court by petition setting forth his interest in the premises, the court shall thereupon direct that such person be made a party to such proceedings, and shall make such other or further orders and decrees respecting the rights of such person as shall be agreeable to equity."

The petition was resisted by defendants for the following reasons:

" 1. The defendant Barnard had no right to foreclose her mortgages, because she was a party to the cause. She must wait the end of the partition suit, and only enforce her securities then.

" 2. The defendants claimed that Mr. Howland had verbally agreed to extend the time for redemption.

" 3. Lots 17, 18, and the southerly 40 feet of lot 16 were improperly sold as one parcel, and for that reason the foreclosures were void."

The court sustained the third contention, set aside the foreclosure sales, and admitted Howland as a defendant as mortgagee only.

The statute governing foreclosure sales reads as follows:

"If the mortgaged premises consist of distinct farms, tracts, or lots not occupied as one parcel, they shall be sold separately, and no more farms, tracts, or lots shall be sold than shall be necessary to satisfy the amount due on such mortgage at the date of the notice of sale, with interest, and the costs and expenses allowed by law; but, if distinct lots be occupied as one parcel, they may in such case be sold together."   3 Comp. Laws, § 11139.

Aside from the three distinct descriptions contained in parcel 3, the record discloses that on each separate lot were a house and outbuildings inclosed by fences running back about 150 feet; that each house and the land connected with it by fences, and by plowed ditches extending from the fences to the rear end, was occupied separately by tenants, and the entire parcel 3 was inclosed by fences. Mrs. Honora Keenan purchased these lots by three different deeds at different times, and from three different

parties. The description in the first deed was lot 18 and the southerly 20 feet of lot 17, that in the second deed was the northerly 60 feet of the southerly 80 feet of lot 17, and that in the third deed was the southerly 40 feet of lot 16 and the northerly 20 feet of lot 17. The occupancy was in accordance with the descriptions of these three deeds. Each full lot had a frontage of 100 feet. The depth of each, including the 40 feet of lot 16, was 575½ feet.

*Edward A. Barnes* and *U. Grant Race*, for complainant.

*Wilkinson, Post & Oxtoby*, for appellant, J. Ward Howland.

*John Miner*, for defendants Keenan.

*E. A. Fink*, for defendants Danaher.

GRANT, J. (*after stating the facts*). 1. We think this is not a case where the mortgagee is at liberty to ignore the statute, and sell three separate lots of land in one parcel. They were not occupied as one farm or lot; but were occupied by three separate and distinct tenancies. It is true that these tenancies were in accordance with the descriptions in the three deeds by which the grantee obtained title, but this does not constitute occupancy as one parcel. That the intention of the owners was to subdivide the tract into city lots does not authorize a sale as one parcel. The lands were worth much more than the amounts of the mortgages. There is nothing to indicate that each lot could not be sold separately to advantage. The statute is designed to protect the mortgagor in his right of redemption. We think the sale was void under the former decisions of this court. *Keyes* v. *Sherwood*, 71 Mich. 516 (39 N. W. 740); *Hawes* v. *Insurance Co.*, 109 Mich. 324 (67 N. W. 329, 63 Am. St. Rep. 581).

That there was a fence around the entire parcel we consider of no significance. Such fence was necessary to the occupancy of each of the tenants. Nor is it conclusive that in the bill for partition and in the decree the lands

were described as consisting of three parcels, one of which was composed of two and four-tenths lots. Such descriptions may have been proper for partition purposes, but do not control in foreclosure sales under the statute, which requires "distinct farms, tracts, or lots not occupied as one parcel" to be sold separately.

Counsel for appellant cite and rely upon *Gage* v. *Sanborn*, 106 Mich. 269 (64 N. W. 32), and *Harris* v. *Creveling*, 80 Mich. 249 (45 N. W. 85). In *Gage* v. *Sanborn* the suit was by summary proceedings to recover possession of lands sold upon mortgage foreclosure. The description was similar to that here,—two lots and a part of another. That holding was based upon the fact that there was no evidence to show that the lots were not adjoining and used as one parcel, and the *onus probandi* was upon the defendant. *Harris* v. *Creveling* was a similar case.

The decree of the court setting aside the sales is sustained.

2. Under 3 Comp. Laws, § 11020, the mortgagee was justified in proceeding to sell, and, upon failure to redeem, to become a party to the partition proceedings, and succeed to the rights of the mortgagors. But the sale being held void, and the proceedings prior to the sale being regular, it follows that the decree should provide a specified time for redemption, and, upon failure to redeem within that time, a resale of the premises. *Huyck* v. *Graham*, 82 Mich. 353 (46 N. W. 781). The decree, in so far as it adjudged the appellant to succeed to the mortgage interests of Mary E. Barnard, and to be admitted a defendant as the holder of such mortgage interests, does not give him any right to proceed under the foreclosure proceedings, but leaves him to new proceedings, either in chancery or by advertisement. In this respect the decree must be modified, and 60 days given within which to pay the amount due. Upon failure to pay within that time, appellant may proceed to sell under the foreclosure proceedings.

The decree will be modified and entered in this court in accordance with this opinion. The appellant will recover the costs of this court.

HOOKER, C. J., MOORE and MONTGOMERY, JJ., concurred. CARPENTER, J., did not sit.