NORTHWESTERN LOAN & DISCOUNT CORP. *v.* SCULLY.

1. MORTGAGES—FORECLOSURE—SALE IN PARCELS.

 Where parts of mortgaged premises were subsequently sold on land contracts, sale on foreclosure should have been in separate parcels as required by 3 Comp. Laws 1929, § 14431, instead of collectively, since purchasers under land contracts had at least constructive occupancy of their respective parcels and their rights should have been recognized.

2. SAME—VOID SALE—FORECLOSURE IN EQUITY—RESALE.

 Where mortgage foreclosure by advertisement was void for failure to sell in parcels as required by 3 Comp. Laws 1929, § 14431, and no redemption was had, permission to foreclose in equity is granted on condition that sale be for amount not less than that bid at former sale.

Appeal from Lapeer; Smith (Henry H.), J. Submitted October 20, 1931. (Docket No. 147, Calendar No. 35,775.) Decided December 8, 1931. Rehearing denied March 3, 1932.

Bill by Northwestern Loan & Discount Corporation, a Michigan corporation, as assignee, against Charles B. Scully and others to foreclose a mortgage. Bill dismissed. Plaintiff appeals. Reversed.

*Elmer Shumar (Theo. D. Halpin,* of counsel), for plaintiff.

*Shields, Silsbee, Ballard & Jennings (Harris E. Thomas,* of counsel), for defendants.

WIEST, J. A mortgage covered a parcel of real estate described by metes and bounds. Subsequently parts thereof, also described by metes and bounds,

were sold by the mortgagor under land contracts, and some so sold were released by the mortgagee. The remainder, inclusive of parcels so sold but not released, was sold as a single parcel under foreclosure by advertisement and bid in by the mortgagee for the amount due. After the period of redemption had expired the mortgagee filed the bill herein to have foreclosure in equity on the ground that the previous foreclosure was void because the tract, inclusive of parcels not released from the mortgage, had been sold as one parcel and the foreclosure sale should have been by parcels in the inverse order of alienation as required by law. The bill was dismissed, it being held that plaintiff did not show occupancy of the land otherwise than as a single parcel.

The statute, 3 Comp. Laws 1929, § 14431, requires mortgaged premises, consisting of distinct tracts or lots, not occupied as one parcel, to be sold separately. The purchasers under land contracts had at least constructive occupancy of their several parcels at the time of sale and their rights should have been recognized. The title acquired by plaintiff is questionable, and the question is not solved by laches or the attitude of the mortgagor. The sale is vacated. This restores the mortgage. *Stackpole* v. *Robbins,* 47 Barb. (N. Y.) 212.

At an early date, and in a case like the one at bar, the relief herein sought was granted. *Atwater* v. *Kinman,* Harr. Ch. 243. Subsequent holdings have recognized the right. *Vary* v. *Chatterton,* 50 Mich. 541; *Morse* v. *Byam,* 55 Mich. 594; *O'Connor* v. *Keenan,* 132 Mich. 646; *Woodruff* v. *Coffman,* 139 Mich. 634. For inferential bearing see *Walker* v. *Schultz,* 175 Mich. 280; *Jerome* v. *Coffin,* 243 Mich. 324.

The decree is reversed, and a decree granting foreclosure will be entered in this court, conditioned, however, that no sale for an amount less than bid at the former sale will be confirmed.

Plaintiff will recover costs of this court only.

BUTZEL, C. J., and CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.