BARATTO v. PITCHER.

1. MORTGAGES—FORECLOSURE—SALE AS ONE PARCEL—BURDEN OF PROOF—STATUTES.

Plaintiff, alleging that mortgage foreclosure sale was void for failure of sheriff to sell or offer to sell by single lots instead of in one parcel, had burden of proof that, at time of sale, premises consisted of distinct lots not occupied as one parcel (3 Comp. Laws 1929, § 14431).

2. SAME—PLAT LINES NOT CONCLUSIVE OF SEPARATE OCCUPANCY OF PLATTED LOTS.

   Plat lines are not conclusive of separate occupancy, requiring sale by single lots in mortgage foreclosure, but occupancy of platted lots as one parcel is practical question resting upon circumstances (3 Comp. Laws 1929, § 14431).

3. SAME—WHEN PREMISES MAY BE SOLD AS ONE PARCEL.

   Mortgaged premises are in one parcel, within meaning of statute authorizing sale as one parcel, on mortgage foreclosure, if used or intended to be used as one tract (3 Comp. Laws 1929, § 14431).

4. SAME—OCCUPANCY—CONSTRUCTIVE OCCUPANCY.

   Occupancy of mortgaged premises, within meaning of statute, does not require actual residence, but may be by such possession and use as under common law would give title by adverse possession, so that there may be constructive occupancy of part of premises which would require sale in parcels, or there may be constructive occupancy of whole as one parcel, authorizing sale in one parcel (3 Comp. Laws 1929, § 14431).

5. SAME—OCCUPANCY OF PREMISES—BURDEN OF PROOF.

   In suit to set aside mortgage foreclosure sale as void because premises were sold as one parcel instead of as distinct lots, plaintiff *held*, not to have sustained burden of proof that mortgaged premises consisted of distinct lots not occupied as one parcel (3 Comp. Laws 1929, § 14431).

Appeal from Berrien; White (Charles E.), J. Submitted April 6, 1933. (Docket No. 43, Calendar No. 37,089.) Decided May 16, 1933.

Bill by Mary Julia Baratto against Estella M. Pitcher and others to set aside sale of real estate on foreclosure of mortgage. Bill dismissed. Plaintiff appeals. Affirmed.

*Arthur L. Hoffman* and *George E. Arthur* (*A. P. Cady,* of counsel), for plaintiff.

*E. A. Westin,* for defendant Pitcher.

FEAD, J.   Plaintiff filed bill to redeem from a real estate mortgage after foreclosure by advertisement and expiration of the period of redemption.   The question is whether the sale was void for failure of the sheriff to sell or offer for sale by single lots as platted, under 3 Comp. Laws 1929, § 14431:

"If the mortgaged premises consist of distinct farms, tracts, or lots not occupied as one parcel, they shall be sold separately, and no more farms, tracts, or lots shall be sold than shall be necessary to satisfy the amount due on such mortgage at the date of the notice of sale, with interest and the costs and expenses allowed by law but if distinct lots be occupied as one parcel, they may in such case be sold together."

See *Walker* v. *Schultz,* 175 Mich. 280; *Keyes* v. *Sherwood,* 71 Mich. 516.

The premises were described in the mortgage as lots 41, 42, and 43, block 3, and lots 41, 42, and 43, block A, plat of Lakewood, etc.   The sheriff did not offer the lots separately for sale.   It is claimed he offered them in combinations consisting of the two lots of the same number and had no bids.   No reason was given for such combination, although it may be inferred it was because of lake frontage and the changes hereafter noted, and the offer, if made, is not important except as indicating lack of fraud, that no sale other than in gross was possible, and plaintiff was not prejudiced in her right of redemption.

Plaintiff had the burden of proof that, at the time of sale, the premises consisted of distinct lots not occupied as one parcel.   *Jerome* v. *Coffin,* 243 Mich. 324; *Harris* v. *Creveling,* 80 Mich. 249.

Plat lines are not conclusive of separate occupancy.   Occupancy of platted lots as one parcel is

a practical question resting upon circumstances. *Security Trust Co.* v. *Sloman,* 252 Mich. 266; *Larzelere* v. *Starkweather,* 38 Mich. 96. The premises are in one parcel if used, or intended to be used, as one tract. *Harris* v. *Creveling, supra.*

Occupancy does not require actual residence. It may be by such possession and use as under the common law would give title by adverse possession. *Jones* v. *Merrill,* 113 Mich. 433 (67 Am. St. Rep. 475). There may also be a constructive occupancy of part of the premises which would require sale in parcels. *Jerome* v. *Coffin, supra; Northwestern Loan & Discount Corp.* v. *Scully,* 256 Mich. 202. By the same token, the owner may have constructive occupancy of the whole as one parcel.

The mortgage was given in 1909. In 1910 the mortgagor sold to plaintiff's husband, subject to the mortgage. Plaintiff's husband died in 1918 and she took title by his will. The premises are vacant, have no buildings on them, and are in the same condition as when plaintiff's husband purchased. Plaintiff paid taxes for 1926, 1927, and 1928. The land was assessed in two descriptions, the lots in each block together. Plaintiff made no other showing of use, intention to use, nor occupancy.

It appears, however, that the condition of the land differs from the indications of the plat. Block 3 fronts on Paw Paw lake. Block A is directly south of it, with its lots in line with the correspondingly numbered lots in block 3. The plat provided a street, Lakewood drive, 30 feet wide, between the two blocks, but no such street has been opened. Instead, a road 30 feet wide has been constructed and used for 20 or 25 years or more over the south end of block A. Consequently the two blocks are not separated in fact, but physically are one parcel. The

interior lines of the plat do not represent the actual situation and have lost much of their virtue as boundaries.

The most significant evidence of the character of the occupancy of the premises is found in the deed to plaintiff's husband. In it the premises were described by metes and bounds. The description began at a point on the west line of lot 43, block A, 30 feet north of the southwest corner of the lot, ran east parallel with the south line of the lots in block A, and then followed the outside boundaries of both blocks, without exception or reference to Lakewood drive as platted. The description excludes the 30-foot roadway in the south part of block A as constructed and used. It followed the exterior lines of the land as it appears in fact.

The deed was a recognition by the mortgagor and plaintiff's husband, shortly after the mortgage was executed, that the actual condition of the property had changed from the lines of the plat; that the land should be described in accordance with the actual situation; and that it was conveyed and taken as one parcel. There have been no subsequent acts to change the character of the holding or to indicate an actual or constructive occupancy upon platted lot lines.

Under these circumstances, it cannot be said that plaintiff has sustained the burden of proof that "the mortgaged premises consist of distinct * * * lots not occupied as one parcel."

Decree dismissing the bill is affirmed, with costs.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.