### COX v TOWNSEND

Docket No. 78-790. Submitted February 7, 1979, at Lansing.—Decided
May 1, 1979.

Plaintiffs, Donald and Mary Cox, purchased from defendants
James and Permelia Townsend an 1100-acre tract of land.
Plaintiffs executed a mortgage in favor of defendants Townsend
as security for the outstanding balance of the purchase price
and agreed to assume the existing first mortgage held by
defendant Federal Land Bank of St. Paul. When plaintiffs
failed to make any payments after the initial down payment,
foreclosure proceedings were instituted, and at the sale of the
mortgaged premises the property was sold to defendants Town-
send, the highest bidders. Plaintiffs instituted an action to set
aside or to void the sale, claiming that the proper statutory
procedures for foreclosure were not followed. The Jackson
Circuit Court, Charles J. Falahee, J., held that the statutory
provisions had been satisfied and found for defendants. Plain-
tiffs appeal, arguing that notice that the mortgage would be
foreclosed by a sale of the mortgaged premises was not properly
posted and that the land should have been sold in parcels
rather than as an entire tract. *Held:*

1. The notice that a mortgage will be foreclosed by a sale of
the mortgaged premises must be posted in a conspicuous place
on any part of the premises. The question whether the posting
was conspicuous is a question of fact.

2. The statute governing the sale of the mortgaged premises
requires that, if the premises consist of distinct farms, tracts
or lots, said farms, tracts or lots be sold separately, unless the
premises are occupied as a single parcel.

3. The mortgaged premises were properly treated as a single

REFERENCES FOR POINTS IN HEADNOTES
[1] 55 Am Jur 2d, Mortgages § 637.
[2] 55 Am Jur 2d, Mortgages §§ 649, 653, 656.
  Foreclosure sale of mortgaged real estate as a whole or in parcels.
    61 ALR2d 505.
[3] 55 Am Jur 2d, Mortgages § 649.
  Foreclosure sale of mortgaged real estate as a whole or in parcels.
    61 ALR2d 505.

parcel for the purpose of the sale because: (1) the land was mortgaged as a single parcel and the character of the holding was not substantially changed, (2) the land was used as a single parcel, and (3) it would be impractical to divide the land into separate parcels.

Affirmed.

1. MORTGAGES — FORECLOSURE — NOTICE — POSTING — STATUTES.

A notice that a mortgage will be foreclosed by sale of the mortgaged premises must be posted in a conspicuous place on any part of the mortgaged premises; the question of whether the posting was conspicuous is a question of fact (MCL 600.3208; MSA 27A.3208).

2. MORTGAGES — FORECLOSURE — SALE BY PARCELS — STATUTES.

The statute governing the foreclosure sale of premises which have been mortgaged requires that, if the premises consist of distinct farms, tracts or lots, said farms, tracts or lots be sold separately, unless the premises are occupied as a single parcel (MCL 600.3224; MSA 27A.3224).

3. MORTGAGES — FORECLOSURE — SALE AS A SINGLE PARCEL.

A mortgaged premise is properly treated as a single parcel for the purpose of a foreclosure sale where: (1) the land is mort-gaged as a single parcel and the character of the holding was not subsequently charged, (2) the land is used as a single parcel, and (3) it would be impractical to divide the land into separate parcels.

*James H. Crum,* for plaintiffs.

*Marcoux, Allen, Beaman & Cheney, P.C.,* for defendants.

Before: BASHARA, P.J., and V. J. BRENNAN and R. M. MAHER, JJ.

BASHARA, P.J. Plaintiffs appeal from an order of the trial court denying their request to void a foreclosure sale.

The land in question is an 1,100-acre tract origi-nally owned by defendants Townsend, who had acquired it by 13 separate conveyances between

1941-1953. The land was used by defendants for farming purposes. In 1975, the property was sold to the plaintiffs for $1,200,000.

Plaintiffs assumed the first mortgage and made a $50,000 down payment. After the property was conveyed to them, no further payments were ever made.

Approximately a year later, foreclosure proceedings were instituted and the property sold to the defendants as the highest bidders. A year later, plaintiffs instituted an action to set aside or to void the transaction, claiming the proper statutory procedures for foreclosure were not followed.

Plaintiffs claim initially that they did not receive proper notice of the foreclosure because the notice was not posted in a conspicuous place on the premises according to statutory mandates.

MCL 600.3208; MSA 27A.3208 states:

"Notice that the mortgage will be foreclosed by a sale of the mortgaged premises, or some part of them, shall be given by publishing the same for 4 successive weeks at least once in each week, in a newspaper published in the county where the premises included in the mortgage and intended to be sold, or some part of them, are situated. If no newspaper is published in the county, the notice shall be published in a newspaper published in an adjacent county. In every case within 15 days after the first publication of the notice, a true copy shall be posted in a conspicuous place upon any part of the premises described in the notice."

In the instant case, it was undisputed that the notice of foreclosure was affixed to a fence post at the northeast corner of the property. The post is 60 feet from the edge of US Highway 127. The shoulder of the road is wide enough for a car to safely pull off to allow an inspection of the site. The post had been used on numerous occasions in

the past to erect "for sale" signs, and a "Project 1,100" sign (apparently sponsored by the plaintiff) was the most recent posting.

It should be noted the statute requires posting in *a* conspicuous place upon *any* part of the premises, not in the *most* conspicuous place.

The factual setting must be examined to determine what constitutes a conspicuous place. The party contending the posting is insufficient has the burden of proof. *White v Burkhardt,* 338 Mich 235; 60 NW2d 925 (1953).

This case is an excellent example of instances in which notice is more conspicuous if not posted on a house located on the premises. See *Jennings v Arnold,* 272 Mich 599, 603; 262 NW 419 (1935).

The use made of the fence post in the past, coupled with the fact that plaintiffs did not reside on the property, convinces us the statutory requirements were met.

Plaintiffs' second contention is that the property should have been sold in parcels at the foreclosure sale rather than as a single piece of real estate.

MCL 600.3224; MSA 27A.3224 provides:

"If the mortgaged premises consist of distinct farms, tracts, or lots not occupied as one parcel, they shall be sold separately, and no more farms, tracts, or lots shall be sold than shall be necessary to satisfy the amount due on such mortgage at the date of the notice of sale, with interest and costs and expenses allowed by law but if distinct lots be occupied as one parcel, they may in such case be sold together."

This statute has been held to be mandatory rather than merely directory. "It was enacted by the Legislature to protect parties having interests in the mortgaged premises by insuring a right of redemption where the occupancy and ownership

are other than as one parcel." *Masella v Bisson,* 359 Mich 512, 517; 102 NW2d 468 (1960). However, while a mortgagor's right of redemption is to be safeguarded, it is not superior to the mortgagee's right to collect the debt. *Security Trust Co v Sloman,* 252 Mich 266, 271; 233 NW 216 (1930).

Whether the property consists of one parcel is a practical question depending upon the circumstances. *Security Trust Co, supra.* The premises constitute one parcel if held, treated, occupied or used as such at the time of the foreclosure sale. The burden of proof is on the complainants to establish the fact that the lots were not occupied and intended to be used as one farm. *Harris v Creveling,* 80 Mich 249, 252; 45 NW 85 (1890).

"Distinct", as used in the statute, means separate or different—not the same. As pointed out in *Larzelere v Starkweather,* 38 Mich 96, 104 (1878):

"A farm might be susceptible of being subdivided according to the governmental survey into several distinct parcels or lots, or it might be divided by a highway, and yet its character as one farm remain the same. Neither highways nor sectional lines can cut and carve one farm into several so long as the owner occupies and treats it as a whole as one farm, and where he occupies it as a farm and mortgages it as one parcel, neither he nor his privies can complain if the mortgagee sells the entire property in one parcel."

See also *Postal v Home State Bank for Savings,* 284 Mich 220; 279 NW 488 (1938).

"Occupancy" does not require that all the land be fenced or improved, *Harris v Creveling, supra,* at 253. Actual residency is also not a necessity. There may be constructive occupancy of part of the premises which would require sale in parcels, and by the same token, constructive occupancy of

the whole as one parcel. *Baratto v Pitcher,* 263 Mich 307, 310; 248 NW 631 (1933).

Dr. Townsend acquired the 1,100 contiguous acres through 13 deeds over a period of 12 years. Thereafter, the land was used as one farm for 20 years. In 1973, the doctor found it necessary to discontinue the farming operation due to age and infirmity, but was able to rent out various fields for continued crop growth, while looking for a buyer for the property. The land was sold and mortgaged to plaintiffs as a whole.

When land is mortgaged as a single parcel, it may be sold as such. *Drum v Fish,* 46 Mich 312; 9 NW 429 (1881). This is especially true where there have been no subsequent acts to change the character of the holding or to indicate an actual or constructive occupancy upon platted lot lines. *Baratto, supra,* at 311.

During plaintiffs' occupancy, no changes in the character of the property were made. Any plans to subdivide, plat or obtain releases never came to fruition. Plaintiffs themselves referred to the property as the Townsend Farm and the "1,100 acre project".

There is not present here any of the indicia found in the cases that required parceling. Most of those involved either distinct platted lots, releases that divided the parcel or third-party purchasers of lots from the mortgagor whom the courts felt compelled to protect.[1]

---

[1] Cases involving distinct, separate or platted lots include *Hawes v Detroit Fire & Marine Ins Co,* 109 Mich 324; 67 NW 329 (1896), *O'Connor v Kennan,* 132 Mich 646; 94 NW 186 (1903), *Flax v Mutual Building & Loan Ass'n of Bay City,* 198 Mich 676; 165 NW 835 (1917), and *McIntyre v Wyckoff,* 119 Mich 557; 78 NW 654 (1899).

Those where the rights of third-party purchasers would be affected include: *Walker v Schultz,* 175 Mich 280; 141 NW 543 (1913), *Jerome v Coffin,* 243 Mich 324; 220 NW 675 (1928), *Northwestern Loan & Discount Corp v Scully,* 256 Mich 202; 239 NW 352 (1931), *Masella v Bisson,* 359 Mich 512; 102 NW2d 468 (1960).

Furthermore, there is no parceling requirement where it would be impractical to do so. *Grand River Avenue Christian Church v Berkshire Life Ins Co,* 254 Mich 480; 236 NW 881 (1931).

Prior fences from the original parcels had been removed making the tract basically one contiguous piece of property. Present fences segregated crop and livestock use. The four houses on the property were rented to non-farming tenants and had no distinct property attached to them. Any boundaries between the areas were not particularized.

On a survey map, the property was divided into more than 20 pieces. The written description on the survey certificate described four parcels. The land was originally seven parcels. The tax roll lists 13 sections and the property is broken down into 11 areas in the title examination.

It is not for the court to pick and choose among various methods of dividing land. Parceling is mandated only where separate, distinct, readily ascertainable parcels exist.

We are dealing here with a large farm, which by its very nature consists of numerous types of land and may have various houses and outbuildings situated on the property.

There is no reasonable or logical method of dividing the property without adhering to an entirely different use than that made of it by defendants. Testimony indicated that sales in separate parcels for farming purposes would be impracticable. See *Security Trust Co, supra.*

At a bench trial, special consideration is given to the findings of the trial judge who has had the

Cases where the releases have divided the real estate include: *Drum v Fish,* 46 Mich 312; 9 NW 429 (1881), *Keyes v Sherwood,* 71 Mich 516; 39 NW 740 (1888).

It should be noted that the factual situation in many of these cases encompasses more than one of the criteria above.

opportunity of personally observing demeanor and judging credibility. GCR 1963, 517.1. We find nothing in the record which indicates that the trial court was clearly erroneous in its factual determination.

Affirmed, costs to defendants.