# STATE OF MICHIGAN

# COURT OF APPEALS

HOWARD and KAREN ELANDT,

       Plaintiffs-Appellants,

v

SALLIE MAE HOME LOANS, INC,

       Defendant-Appellee.

UNPUBLISHED
October 1, 2015

No. 322299
Oakland Circuit Court
LC No. 2013-137472-CH

Before: K. F. KELLY, P.J., and CAVANAGH and SAAD, JJ.

PER CURIAM.

In this foreclosure action, plaintiffs appeal the trial court's grant of summary disposition to defendant. For the reasons stated below, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

This case involves the foreclosure of an undeveloped parcel in Rochester Hills.[1] Plaintiffs purchased the property in 2006, via an $800,000 mortgage provided by defendant, and sought to subdivide the land and sell it at a profit. As such, this real estate served as an investment for plaintiffs—it is not their primary residence.

Plaintiffs stopped making payments on their mortgage in 2011. After providing the requisite notices of default in the months that followed the last payment, defendant initiated foreclosure by advertisement in early 2012, and conducted the sheriff's sale in March of that year. In June 2012, plaintiffs brought a lawsuit in the Oakland Circuit Court to contest the legality of the foreclosure.

However, this March 2012 foreclosure sale was not finalized because plaintiffs and defendant entered negotiations to resolve the outstanding debt through sale of the property to a third party. While negotiations occurred, defendant did not file a response to plaintiffs' June 2012 lawsuit, and the trial court accordingly granted plaintiffs' motion for default. The order

---

[1] Plaintiffs assert that the parcel is actually made up of four separate parcels, but the city of Rochester Hills rejected this unsupported claim.

declared the March 2012 foreclosure sale null and void—which defendant had already acknowledged and effected, voluntarily, when it withdrew the March 2012 foreclosure after it began to negotiate with plaintiffs.

In the next few months, plaintiffs failed to secure a buyer for the property, made no further payments on their mortgage, and once more defaulted on the loan. Accordingly, defendant initiated foreclosure by advertisement in September 2013. By definition, this new foreclosure was a separate and distinct action from the 2012 foreclosure, because it took account of: (1) plaintiffs' failure to pay their mortgage during the period *before* the June 2012 settlement negotiations; *and* (2) plaintiffs' failure to pay their mortgage during the period *after* the June 2012 settlement negotiations.

After the initiation of this new foreclosure action, plaintiffs filed a complaint in the Oakland Circuit Court in November 2013, and sought a stay of the sheriff's sale, which was initially scheduled for December 2013. After several adjournments and postponements of the sale, defendant moved for summary disposition pursuant to MCR 2.116(C)(8) and (C)(10) in February 2014.

At a hearing on the matter, plaintiffs argued, among other things, that the motion should be rejected because: (1) the default judgment from the June 2012 action, under the doctrines of res judicata and collateral estoppel, and MCR 2.603(A)(3), prohibited defendant from seeking to foreclose the property; and (2) the September 2013 foreclosure by advertisement violated MCL 600.3224. Defendant responded by noting that: (1) the June 2012 default judgment involved a wholly separate lawsuit that had nothing to do with the present foreclosure; and (2) MCL 600.3224 did not apply to plaintiffs' property, because the real estate is a single parcel. The trial court agreed with defendant's arguments and granted its motion for summary disposition.[2]

On appeal, plaintiffs make the same arguments as they did at the hearing for summary disposition,[3] while defendant asks us to uphold the grant of summary disposition in its favor.

## II. STANDARD OF REVIEW

A trial court's decision on a motion for summary disposition is reviewed de novo. *Hogg v Four Lakes Assn, Inc*, 307 Mich App 402, 406; 861 NW2d 341 (2014). "MCR 2.116(C)(8) tests the legal sufficiency of the claim on the pleadings alone to determine whether the plaintiff has stated a claim on which relief may be granted. The motion must be granted if no factual development could justify the plaintiffs' claim for relief." *Spiek v Dep't of Transp*, 456 Mich 331, 337; 572 NW2d 201 (1998). MCR 2.116(C)(10) tests "the factual sufficiency of the

---

[2] The court did not specify under which particular subrule it granted summary disposition.

[3] Plaintiffs make one, unpreserved argument for the first time on appeal: namely, "whether the parties have failed to reach a resolution of [the mortgage] is a question of fact." As defendant correctly notes, this assertion is absurd. If negotiations between plaintiffs and defendant actually existed, they would be negotiating—not litigating this matter before our Court.

complaint," and the court "considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties . . . in the light most favorable to the party opposing the motion." *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999).

The applicability of res judicata and collateral estoppel are questions of law that are reviewed de novo. *Estes v Titus*, 481 Mich 573, 578-579; 751 NW2d 493 (2008).

## III. ANALYSIS

### A. RES JUDICATA AND COLLATERAL ESTOPPEL

Here, plaintiffs wrongly claim that, under the doctrines of both res judicata[4] and collateral estoppel,[5] the June 2012 default order required the trial court to reject defendant's September 2013 foreclosure of their property. As defendant correctly notes, plaintiffs' argument has no merit whatsoever.

The instant action—which involves both (1) the September 2013 foreclosure, and, in part, (2) plaintiffs' failure to pay their mortgage debt from June 2012 to September 2013—is wholly separate from the lawsuit plaintiffs brought in June 2012, which involved (1) the March 2012 foreclosure, and (2) plaintiffs' failure to pay their mortgage debt from the period *before* June 2012. As a matter of reality, it is thus impossible for either res judicata or collateral estoppel to apply to this lawsuit. The instant proceeding, which relates only to the September 2013 foreclosure, has nothing to do with the 2012 foreclosure or the June 2012 default order that resulted from that foreclosure. By necessity, the September 2013 foreclosure includes the debt that plaintiffs failed to pay from June 2012 to September 2013, which was not and could not have been the subject of plaintiffs' 2012 lawsuit. As such, it is not possible for "questions of fact essential to the judgment" or the "matter contested in the second action"—i.e., the September 2013 foreclosure—to have been resolved in the June 2012 lawsuit. *Estes*, 481 Mich at 585.

---

[4] "Res judicata bars a subsequent action between the same parties when the evidence or essential facts are identical." *Bryan v JPMorgan Chase Bank*, 304 Mich App 708, 715; 848 NW2d 482 (2014). The doctrine applies when "(1) the first action was decided on the merits, (2) the matter contested in the second action was or could have been resolved in the first, and (3) both actions involve the same parties or their privies." *Estes*, 481 Mich at 585.

[5] "Collateral estoppel precludes relitigation of an issue in a subsequent, different cause of action between the same parties when the prior proceeding culminated in a valid final judgment and the issue was actually and necessarily determined in that prior proceeding." *Rental Properties Owners Assn of Kent Co v Kent Co Treasurer*, 308 Mich App 498, 528; 866 NW2d 817 (2014). The "doctrine requires that (1) a question of fact essential to the judgment was actually litigated and determined by a valid and final judgment, (2) the same parties had a full and fair opportunity to litigate the issue, and (3) there was mutuality of estoppel." *Estes*, 481 Mich at 585.

Plaintiffs' argument to the contrary is devoid of logic and legal support,[6] and has no basis in reality.[7]

## B. MCL 600.3224

In full, MCL 600.3224 reads:

> If the mortgaged premises consist of distinct farms, tracts, or lots not occupied as 1 parcel, they shall be sold separately, and no more farms, tracts, or lots shall be sold than shall be necessary to satisfy the amount due on such mortgage at the date of the notice of sale, with interest and the cost and expenses allowed by law but if distinct lots be occupied as 1 parcel, they may in such case be sold together.

The Legislature enacted the statute "to protect parties having interests in the mortgaged premises by insuring a right of redemption where the occupancy and ownership are other than as one parcel." *Masella v Bisson*, 359 Mich 512, 517; 102 NW2d 468 (1960). In other words, if a mortgagor's property is composed of separate lots that are actually "distinct"—i.e., identifiably "separate or different" from one another in some way—the mortgagee may sell some of the separate lots to satisfy the debt, instead of selling all of the parcels owned by the mortgagor. *Cox v Townsend*, 90 Mich App 12, 16; 282 NW2d 223 (1979).

Here, MCL 600.3224 does not apply because the "mortgaged premises" *do not* "consist of distinct farms, tracts, or lots not occupied as 1 parcel." As plaintiffs freely admit, at the time of foreclosure in September 2013, they had failed in their efforts to convince the city of Rochester Hills to divide the property into separate lots. As such, the September 2013 foreclosure did not violate MCL 600.3224.

## IV. CONCLUSION

---

[6] For the same reasons, plaintiffs' argument that the September 2013 foreclosure is barred by MCR 2.603(A)(3) is frivolous and without merit. "Once the default of a party has been entered," MCR 2.603 prohibits the defaulting party from proceeding "with the action until the default has been set aside . . . in accordance with [MCR 2.603(D)] or MCR 2.612." Again, defendant is not proceeding with the March 2012 foreclosure that was the subject of the June 2012 default order. It is proceeding with a wholly separate foreclosure initiated in September 2013, and is thus not constrained in any way by MCR 2.603(A)(3). As the trial court properly recognized, the June 2012 default has no effect whatsoever on this litigation.

[7] As the trial court correctly noted, the illogical nature of plaintiffs' position is illustrated by the practical effect of accepting their position. If the September 2013 foreclosure at issue in the instant suit is barred by res judicata because of the June 2012 default order, plaintiffs could preserve their interest in the real estate in perpetuity—without paying any more money on their mortgage—by simply bringing a new lawsuit whenever defendant attempted to recoup its lost investment through foreclosure.

For the reasons stated above, the trial court properly granted summary disposition to defendant pursuant to MCR 2.116(C)(8) and MCR 2.116(C)(10), and its ruling is affirmed.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Mark J. Cavanagh
/s/ Henry William Saad