WOODRUFF *v.* COFFMAN.

MORTGAGES— FORECLOSURE — INSUFFICIENT ADVERTISEMENT — EFFECT.

. An attempted foreclosure by advertisement which is wholly void for failure of the notice to describe the land, and other defects, is no bar to a subsequent foreclosure in chancery, though the mortgagee purchased at the sale had pursuant to advertisement, and has been in possession thereunder ever since.

Appeal from Mason; McAlvay, J. Submitted February 10, 1905. (Docket No. 131.) Decided April 21, 1905.

Bill by John S. Woodruff against Ira R. Coffman for the foreclosure of a mortgage. From a decree for complainant, defendant appeals. Affirmed.

*Henry C. Hutton* (*M. B. Danaher*, of counsel), for complainant.

*Fitch & Reek*, for defendant.

OSTRANDER, J. Defendant, July 22, 1886, borrowed $500 from complainant, giving a note therefor, due five years after date, drawing interest at 10 per cent. per annum. To secure payment he executed to complainant a mortgage on the north half of the north half of the southeast quarter, and the northeast quarter of the southwest quarter, of section 25, town 18 north, range 16 west. This mortgage seems to have been recorded July 24, 1886.

In 1891 an attempt was made to foreclose this mortgage by advertisement. The notice of sale is dated January 15, 1891, which, it will be noticed, is more than six months before the note fell due. The notice recites that the mortgage, after being given, was assigned to one C. H. Woodruff, without stating anything further about the assignment, and describes the premises to be sold as the north half of the north half of the southeast quarter, and the

northeast quarter of the southeast quarter, of section 35, township 18 north, range 16 west. Sale was fixed for the 18th of April, 1891, on which day, as appears from the sheriff's deed, a sale was made to complainant of property described as it is described in the notice of sale just referred to. This deed also recites that the mortgage was assigned to C. H. Woodruff. The bid made at the sale seems to have been large enough to satisfy the mortgage debt. After the period for redemption had expired, complainant entered into possession of the property described in the mortgage, and has since by himself or his tenants possessed and used the same, paid taxes, and exercised usual acts of ownership. The bill in this cause was filed to foreclose this mortgage. An abstract only of the bill and answer appears in the record. The cause coming on to be heard in open court, testimony was introduced, and a decree as in chancery foreclosures was entered. This decree recites the circumstances of the prior attempted foreclosure, sets those proceedings aside, and expressly finds that complainant is owner of the note and mortgage. We find no testimony which warrants a different finding. From this decree, defendant has appealed to this court.

The brief of counsel for appellant contends that the only ground urged for relief is that complainant's agent, who foreclosed the mortgage, made a mistake in omitting one description contained in the mortgage from the notice of sale, and that this calls for the application of the elementary rule that a court of chancery will assist only the vigilant. He also urges that the mortgagee being purchaser at such a sale takes title with notice of the defects in the foreclosure proceedings, and cannot be heard to say that the sale is illegal or irregular when the mortgagor makes no objection. It is claimed that the sum bid at the first sale must be presumed to have been paid to the assignee of the mortgage, C. H. Woodruff, resulting in payment of the mortgage indebtedness. We see no reason for indulging a presumption of fact opposed to the real fact found by the court. It will be noticed, and has been al-

ready stated, that the attempted statutory foreclosure did · not have a proper notice of sale under our statute, if there was an assignee of the mortgage. It will be noticed that it describes none of the land which is described in the mortgage. Both the notice of sale and the sheriff's deed described the land as on section 35, when as a matter of fact it was on section 25, and also misdescribed the second 40 acres. There does not appear to have been any foreclosure of this mortgage. If at any time defendant had filed a bill to redeem, the decree must have provided for a redemption from the mortgage as an unforeclosed security. *Grover* v. *Fox*, 36 Mich. 461, 472.

Counsel for appellant say in their brief:

"In any case, the amount declared to be due by the decree, as well as the method of computation, is so culpably erroneous as to call for but little comment.

"As an instance, the credits to the defendant are placed at the paltry sum of $272.98, which included interest on credits at 10 per cent., and is put forward as full compensation for the use of the whole premises for 11 years and over, in face of the testimony of complainant's own witness Parker that the value of the use was at least $60 per year, which, with the average interest computed at 10 per cent., amounts to $993."

Complainant, after stating the years for which he had paid taxes and the amounts paid for taxes, computed that there was due him on the 1st of January, 1903, $1,685.18; that, "putting in everything I had received, and crediting interest on everything I had received at the same rate," the total of credits was $272.98. This left a balance of $1,412.20. He was not cross-examined upon this subject at all, nor did counsel point out in what respect, if any, the computation was erroneous. As matter of fact, it is substantially what the note would have amounted to at simple interest at 10 per cent. if we treat the principal sum as $750 after the maturity of the note. Another witness testified that the fair rental value of the place from the time he went there until he went away was $60 a year. When he went there and when he went away the record

does not disclose. The only proof upon this subject is given by complainant, and it is that "about that time [after redemption had expired] I let Russell .H. Parker go onto the. place; have been in possession ever since; by Parker a good share of the time, and Mr. Arnold for one year." The lease to Parker was offered in evidence, but it does not appear in the record. The fact that Parker had an agreement with defendant in 1895, about the land, was testified to by Parker, and that the agreement was in writing. The writing was introduced in evidence. It does not appear in the record. It is apparent, therefore, that the certificate attached to the record, which bears no date, but which states that it contains all the testimony presented and all the exhibits, is not true in fact. Presumably, counsel for appellant prepared the record for this court. The decree being for the sum of $1,024.02, it is apparent that the circuit judge made an allowance to the defendant of more than $272.98, and more than $600. We do not know how this sum of six hundred and odd dollars was made up. Counsel for complainant say in their brief that the circuit judge computed the amount due upon the mortgage from its date to the day of hearing and deducted therefrom the rental value of the premises at the rate of $60 a year. If any contention arose over the method of computing the amount due, the record does not disclose it. The borrowed money has not been paid. No rights except those of the mortgagor and the mortgagee are involved. The only question presented, in our opinion, is whether the bill can be sustained as a sufficient pleading to warrant foreclosure of the mortgage now. We think it can be. We are furnished by counsel no reason why the mortgage is not a present, valid, subsisting lien upon the premises described in it, nor why the bill filed cannot be and should not be sustained as containing the averments necessary for a foreclosure of the mortgage.

The decree of the court below is affirmed, with costs.

CARPENTER, GRANT, MONTGOMERY, and HOOKER, JJ., concurred.