## Matthew Long v. Rhinehold A. Kaiser et al.

*Mortgage—Statutory foreclosure—Sale—Bill in equity by subsequent purchaser.*

A regular statutory foreclosure will not be set aside at the suit of a subsequent purchaser of a portion of the mortgaged premises, because if the mortgage had been foreclosed in equity the remainder of the premises would have been first sold to satisfy the mortgage.

So *held,* where the grantee of a portion of the mortgaged premises assumed and agreed to pay the mortgage, after which the remainder was conveyed to another purchaser, who, after the sale of the *whole* premises to the mortgagees on a statutory foreclosure, filed a bill to set aside such sale on the ground that the mortgagees had notice of the equities above set forth, which they disregarded in making such sale; and it is held that, if the complainant had sought the relief asked for *before* the sale, it might have been granted under the decision in *Machine Co. v. Mitchell,* 74 Mich. 679; but, not having done so, he can only protect his interests by paying the mortgage,

and thereafter pursuing such legal or equitable remedies as he pleases; citing *Inkster v. Bank*, 30 Mich. 143; *Mattison v. Marks*, 31 Id. 421; *Powers v. Lumber Co.*, 43 Id. 470.

Appeal from Lenawee. (Lane, J.) Argued June 3, 1890. Decided June 27, 1890.

Bill to set aside a statutory foreclosure. Defendants appeal. Decree reversed, and bill dismissed. The facts are stated in the opinion.

*Watts & Smith*, for complainant, contended:

1. Where mortgaged premises are conveyed or incumbered in parcels, they are to be sold, upon foreclosure, in the inverse order of such conveyance or incumbrance; citing *Cooper v. Bigly*, 13 Mich. 475; nor is this doctrine inequitable, as the mortgagees may resort in succession to both parcels if necessary; citing *James v. Brown*, 11 Mich. 55; *Southworth v. Parker*, 41 Id. 200.

2. Desermia's portion of the lot became by his agreement the primary fund for the payment of the mortgages, and complainant's portion should be last sold, if at all; citing *Mason v. Payne*, Walk. Ch. 462; *Caruthers v. Hall*, 10 Mich. 40; *In re Estate of Wisner*, 20 Id. 451; and the mortgagees, knowing of complainant's equity, were bound to respect it; citing *James v. Brown*, 11 Mich. 29; and the foreclosure was fraudulent; citing *Norton v. Tharp*, 53 Id. 146; and equity would become an instrument of oppression should it refuse relief; citing *Gilbert v. Haire*, 43 Id. 286.

*L. H. Salsbury* and *T. M. Hunter*, for defendants, contended:

1. The lot having been mortgaged as a single parcel, the mortgagees had a right to sell it as such; citing *Durm v. Fish*, 46 Mich. 312; *Lamerson v. Marvin*, 8 Barb. 9; *Griswold v. Fowler*, 24 Id. 135; *Anderson v. Austin*, 34 Id. 319; *Sherman v. Willett*, 42 N. Y. 150; and the statute contemplates such a sale; citing How. Stat. §§ 8500 (subd. 4), 8503.

2. If complainant has any interest in the premises, his remedy is to redeem from the sale, and be subrogated to the rights of the mortgagees; citing *Mattison v. Marks*, 31 Mich. 421; *Powers v. Lumber Co.*, 43 Id. 470; 2 Jones, Mortg. § 1086; and he will not be permitted to remain silent until the sale is made, and

then invoke the aid of equity to undo what he might have prevented by notice and request; citing *Hosmer v. Campbell*, 98 Ill. 572, 579; 2 Jones, Mortg. § 1858; and his bill should have been filed before the sale; citing 2 Jones, Mortg. § 1624; *Matteson v. Thomas*, 41 Ill. 110, 114; *Manufacturing Co. v. Daggett*, 84 Id. 559.

CAHILL, J. Complainant filed his bill to set aside a mortgage foreclosure and deed on land claimed by him, and to free his land from the lien thereof.

On August 3, 1886, Peter Long was the owner in fee of lot 1, in the village of Onsted, Lenawee county, and on that day mortgaged it, as one parcel, to defendants Kaiser, husband and wife, to secure the payment of $800 in one year from date. On the 27th of the same month he mortgaged the same lot to the same parties, to secure the payment of $200, one year from date.

August 22, 1887, Long deeded to defendant Desermia a part of lot 1, which deed contained the following clause:

" That they are free from all incumbrances whatever, except a certain mortgage of one thousand dollars and interest, now accrued, made by Peter Long to R. A. Kaiser, which second party assumes and agrees to pay."

On January 10, 1888, Kaiser commenced foreclosing said mortgages by advertisement under the power of sale therein contained, and on April 16, 1888, the land described in said mortgages was sold to the mortgagees for the sum of $1,119.14, and a sheriff's deed made to them therefor the same day.

On November 30, 1887, Peter Long had conveyed that part of lot 1, not deeded to Desermia, to his brother, Matthew Long, of Ann Arbor, the complainant in this case, which deed was recorded the same day. The bill in this cause was filed September 24, 1888, more than eight months after the commencement of the foreclosure proceedings, and after all expenses attendant thereon had been incurred. Complainant alleges that the mortgagees

had notice before the sale under the mortgage foreclosure that Desermia had assumed and agreed to pay the mortgages, and consented to that arrangement, and released Peter Long from his agreement to pay the mortgage, and agreed to release complainant's land from the lien of said mortgage, and that they also had notice of the conveyance to the complainant; and that it was their duty to first sell the part deeded to Desermia to satisfy the mortgage, but that, in disregard of complainant's rights, they foreclosed on the whole of lot 1 with the intention of obtaining title to complainant's land, and afterwards conveying it to Desermia.

The defendants Kaiser deny that they knew or understood Desermia was to assume and pay the mortgage; deny that Kaiser ever consented to that arrangement, or released Peter Long from his agreement to pay the mortgage, or ever consented or agreed in any way that any part of lot 1 was to be released from the lien of the mortgage; and the mortgagees claim that they never had notice that Desermia had assumed the mortgage until about the time of the mortgage sale, and had no notice that complainant claimed any interest in the premises until long after the sale, although about the time of the sale they heard a rumor that Peter Long had conveyed that part of lot 1 to a brother of his; and claim they had a legal right to foreclose as they did.

Defendant Desermia claims that, by the terms of the bargain between himself and Peter Long, Long was to convey to him the whole of lot 1, in exchange for 40 acres owned by Desermia in the township of Rome, in said county, Desermia assuming the mortgage on lot 1, and turning over to Long enough personal property to pay a mortgage of $1,200 on the 40; but that, when the conveyance came to be made to carry out this agreement, Long fraudulently handed a deed to the scrivener describ-

ing only a part of lot 1; that he (Desermia) did not know of that fact until after he had turned over to said Long the entire consideration, nor until about six weeks after the conveyances were made, when he went to Long, and requested him to convey to him the balance of lot 1, which Long refused to do; that complainant knew all these facts before the pretended conveyance to him, and that the conveyance was made without his knowledge or consent, and without consideration, for the purpose of defrauding Desermia out of his rights therein; that, under these circumstances, the whole of lot 1 should be considered as belonging to Desermia, and the part actually conveyed to him ought not to be burdened with the payment of the whole mortgage.

The proofs were taken in open court, and the court found the facts to be substantially as follows:

1. That in August, 1886, one Peter Long was the owner in fee of all the land described in the mortgages.

2. That in August, 1886, said Peter Long gave two mortgages upon said land to the Kaisers, aggregating $1,000.

3. That on August 22, 1887, said Long sold and conveyed the north part of said mortgaged premises for $3,000 to defendant Desermia, who assumed and agreed to pay these mortgages.

4. That November 30, 1887, said Long conveyed the remainder of the lands described in said mortgages to complainant, who still holds the title thereof.

5. That, prior to the foreclosure sale, the defendants Rhinehold and Anna Kaiser had notice and knowledge of the said conveyances to Desermia and complainant respectively, and of the fact that said Desermia had assumed and agreed to pay those mortgages; that the value of the premises conveyed to Desermia at the time of the foreclosure sale was considerably in excess of the amount due on said mortgages and the expense of foreclosing them; that the Kaisers foreclosed said mortgages, and sold said premises April 6, 1888; that all the lands described in the mortgages were put up, bid off, and sold in one parcel, for $1,119.14, to defendants Kaiser, who bid in

the premises, and received a deed therefor from the sheriff.

Upon these facts the court decreed that the foreclosure sale and conveyance by the sheriff to defendants Kaiser was unauthorized, and against the rights of the complainant, and that, as to that portion of the sheriff's deed covering complainant's land, it be set aside.

The effect of this decree, if allowed to stand, would be to compel the mortgagees to accept a part of the property held by them as security, in satisfaction of their debt. This the courts have no right to do, unless it clearly appears that the mortgagees have released, or agreed to release, such part of the mortgaged premises. This the complainant alleged in his bill, but the circuit judge did not so find, nor do we think there is any evidence in the case of such an agreement. Every mortgagee has a right to have all the property covered by his mortgage brought to sale for the satisfaction of his debt. The courts cannot appraise the property, and say to the mortgagee: "You may have so much, which, in our judgment, is enough to satisfy you." The courts can, in a proper case, order a sale of the property in parcels, and in a certain order, but cannot say that the mortgagee shall release a part, and take the remainder for his debt.

Nor do we think, upon the case made by complainant in his bill, that he is entitled to the specific relief prayed for. Granting, for the sake of the argument, that Peter Long conveyed all the land to Desermia that he agreed to convey, that Desermia assumed and agreed to pay the mortgages, and that the mortgagees knew it, still the right of the mortgagees to sell the property under their power, as one parcel, it having been so described in their mortgages, remained.

Complainant's counsel claim that the mortgagee's rights

are affected by the equities existing between the mortgagor and a subsequent purchaser of which he has actual notice. This is true if he seeks to enforce his security in equity. In such case the maxim, "He that seeks equity must do equity," applies. But, if the mortgagee chooses to proceed under his power, he may do so, provided he observes strictly the requirements of the statute. There is no complaint in this case that the foreclosure was not regular. In pursuing this strictly legal right, the mortgagee is not necessarily bound to take notice of any equities that have arisen since he took the mortgage. If the complainant had filed his bill before the sale under the statutory foreclosure, asking that the mortgagees be required to sell the Desermia property first, it would have been in accordance with our decision in *Case Threshing Machine Co. v. Mitchell*, 74 Mich. 679, to have so ordered. But this is not such a case. The mortgagees were pursuing a lawful power, and were not called upon by complainant to sell in parcels, nor to respect his rights as a subsequent purchaser. Complainant's bill was not filed, nor was any step taken by him to protect his equities, until more than five months after the sale had taken place. At that time complainant could only protect his interests by paying the mortgage, and thereby putting himself in the mortgagees' place, and thereafter pursuing such legal or equitable remedy as he pleased. 2 Jones, Mortg. § 1086; *Inkster v. Bank*, 30 Mich. 143; *Mattison v. Marks*, 31 Id. 421; *Powers v. Lumber Co.*, 43 Id. 470; *Lamerson v. Marvin*, 8 Barb. 12. If there is any risk or burden about this, he cannot call upon the mortgagees to assume it in his interest.

The decree of the court below must be reversed, and the bill dismissed, with the costs of both courts.

The other Justices concurred.