## WALSH v. COLBY.

1. APPEAL AND ERROR — REVIEW— EXTENT — INTERLOCUTORY ORDERS.

An appeal from a final order confirming a commissioner's corrected report of sale in chancery foreclosure proceedings, and ordering the execution of a new deed for the purpose of correcting a clerical error in the previous one, brings up the order vacating the order nisi confirming the original report, and all intermediate proceedings.

2. COURTS—RECORDS—CORRECTION—POWERS.

Authority to correct purely clerical errors in their records is inherent in courts of general jurisdiction.

3. MORTGAGES—FORECLOSURE—SALE—REPORT — DEED — CLERICAL ERRORS—CORRECTION.

Where, in a chancery foreclosure, the commissioner's report of sale and deed by reason of a clerical error fails to correctly describe the property, the description being correct in all proceedings prior to the report, the court has authority, upon due petition and notice, to vacate the order nisi confirming the report, and to correct the subsequent proceedings.

4. SAME—SALE—SEPARATE PARCELS—PRESUMPTIONS. ·

Where a decree for foreclosure of a mortgage upon several adjoining lots was drawn in conformity with the statute (section 528, 1 Comp. Laws), it will be presumed that the commissioner making the sale under the decree followed its mandate, and there being no showing on exceptions to the report of sale that this was not done, or that the property could be sold in parcels without injury to the interests of the parties, objections to the confirmation of the report on the ground that the property should have been sold in parcels are untenable.

5. SAME—COMMISSIONER'S DEED—CORRECTION—FILING.

Where a commissioner's deed, executed in chancery foreclosure proceedings, was duly filed with the register of deeds within the time provided by law, an objection to the execution of a new deed, correcting a clerical error in the previous one, apparent on the face of the record, on the ground that it cannot be filed within 20 days after the sale as provided by law, is not well taken, the sale not being disturbed, the time for redemption not being lengthened or shortened, and defendant making no showing of injury.

Appeal from Wayne; Hosmer, J. Submitted April 17, 1908. (Docket No. 117.) Decided July 13, 1908.

Bill by John H. Walsh, trustee, against Sheridan J. Colby and others to foreclose certain mortgages: On petition of complainant to correct a clerical error in the commissioner's report of sale. From a decree for petitioner, defendant Colby appeals. Affirmed.

*Shaw, Warren, Cady & Oakes*, for complainant.

*Jasper C. Gates*, for appellant.

McALVAY, J. Upon a bill filed by complainant to foreclose certain mortgages in the Wayne circuit court, in chancery, a decree was granted in his favor June 16, 1902. This decree was affirmed by this court as to defendant and appellant Colby. *Walsh* v. *Robinson*, 135 Mich. 16–22.

This decree ordered the premises described in the mortgages to be sold in the usual manner. The sale was made by Samuel L. May, circuit court commissioner, on March 29, 1906. His report was filed March 31, 1906, and September 19, 1906, an order nisi was entered confirming this report. In this report of the commissioner and in his deed a clerical error was made in describing the property sold. The correct description, as given in the mortgages, the decree, and notices of sale, is:

"All and singular  *  *  *  lots numbered consecutively from seventy-four (74) to ninety-three (93) both inclusive."

The error consisted in inserting in such description the number "seventy-nine (79)" instead of the first number "seventy-four (74)."

The complainant, who was the purchaser at the sale, discovering this error, filed his petition in the cause, together with an affidavit and notice of hearing, praying that the order nisi confirming the commissioner's report of sale be vacated for the purpose of allowing the correc-

tion of said clerical error in the description. On the hearing of this petition, notice of which was given to all parties interested, defendant Colby appeared and contested. The court made an order granting the petition and correcting the error, on November 22, 1906. From this order defendant Colby appealed to this court. This appeal was dismissed January 4, 1907, on the ground that the order was not a final one. On February 8, 1907, Commissioner May filed another report of sale correcting the error above described. This report was filed nunc pro tunc, by order of the court, as of March 31, 1906, which was the date of the first report. An order nisi for the confirmation of such report of sale was made and entered and within eight days the defendant filed exceptions to such report, which were overruled by the court upon a hearing, and on January 9, 1908, an order to that effect was entered, said report being ratified and confirmed and the commissioner ordered to prepare a new deed for the purpose of correcting the description in the first deed and canceling the same. Defendant Colby, who is the only defendant interested in these proceedings, and who since the decree first named has been in possession and received the rents from said premises, has appealed from this last order and decree of January 9, 1908, including in his claim an appeal also from the former order of November 22, 1906.

The final order appealed from is so closely connected with the order of November 22, 1906, that an appeal from it brings all of the proceedings which led up to said final order before the court for consideration.

Defendant urges that through the operation of the order nisi the sale had become final and conclusive, and that the court possessed no power to disturb it. He relies upon the provisions of Chancery Rule 19b and decisions of this court relative to it. It seems to us that defendant has misconceived what was sought to be done by complainant. The decree of the court in the foreclosure case was not to be disturbed, nor the sale of the property described

in that decree and actually sold under it. A clerical error (not disputed by this defendant) had occurred in the report of the sale, and also in the deed, in the number of a lot in the description, an error which was apparent from the face of the record. The application to correct this error was in fact not to disturb the decree and proceedings under it, but to make the record state the actual facts and conform with and speak the truth. For this purpose a petition was filed with supporting affidavit showing the facts, a hearing and a judicial determination in which this defendant participated was had, and the prayer of the petition granted. It was not contended at that time, and is not contended now, that the record as it now stands does not speak the truth.

The cases defendant cites in support of his contention are not in point. He refers us to no case, and in our investigation we have been able to find none, in which the right of a court to correct a purely clerical error in its records is disputed or denied. The authority to do so has been recognized as inherent in courts of general jurisdiction. 17 Enc. Pl. & Prac. p. 912 et seq., and notes. In the notes to this reference, citations are made from the Federal court and nearly all of the State courts in support of this proposition. This court has recognized and affirmed this doctrine. *Jerome* v. *Seymour*, Walk. Ch. (Mich.) 359; *Bates* v. *Garrison*, Harr. Ch. (Mich.) 221; *Emery* v. *Whitwell*, 6 Mich. 474; *Souvais* v. *Leavitt*, 53 Mich. 577.

The court had ample authority to make this order of November 22d, and the proceedings to do so were regular.

Defendant contends that the court erred in confirming the report and sale for the reason that the 20 lots were not sold separately but as one parcel, contrary to section 528, 1 Comp. Laws.

The decree was drawn in conformity with the statute, and the sale was made under the decree. The presumption is that the commissioner followed its mandate. No showing was made on the hearing of the exceptions that

this was not done, or that the premises could be sold in parcels without injury to the interests of the parties. Complainant's brief states that the commissioner, "first offered the property in parcels, and, receiving no bid, offered and sold the same in entirety." This is not contradicted or challenged as it would have been had it been false. The statute was intended to require a sale to be made in such manner as would realize most to the parties interested. The sale as made conformed with the statutory provisions.

It is further contended that the order of January 9, 1908, is void because of the requirement of law that the deed on such sale must be filed with the register of deeds within 20 days after the sale and indorsed when the same shall become operative. The record shows that the first deed was duly filed within the time prescribed by law. The records in the cause showed that the premises actually sold were the premises described in the mortgage and the decree. The clerical error in the description contained in the report of sale and the deed was apparent upon the face of the record. This second deed recites that it is given for the purpose of correcting the former deed. The sale has not been disturbed. The time for redemption has not been extended or shortened. Defendant Colby makes no showing that he has been in any manner injured. In fact, from the record it appears that the delay in finally terminating this litigation is not chargeable to complainant, and that defendant Colby has profited by such delay.

The circuit court was not in error in overruling the exceptions of defendant Colby and in ratifying and confirming the commissioner's corrected report of sale hereinbefore mentioned and described, and in ordering the commissioner to make, execute, and file a proper deed.

The decree of the circuit court is affirmed, with costs.

GRANT, C. J., and BLAIR, MONTGOMERY, and CARPENTER, JJ., concurred.