## MASELLA v. BISSON.

1. MORTGAGES—FORECLOSURE BY ADVERTISEMENT—SALE OF SEPARATE PARCELS—PURPOSE OF STATUTE.
   Purpose of provision of statute relative to sale of property upon which mortgage foreclosure proceedings by advertisement were had requiring sale of various parcels separately where occupancy and ownership are other than as one parcel is to protect parties having interests in the mortgaged premises by insuring a right of redemption for the respective parcels, and to obviate the sale of more of such interests than required to satisfy the mortgage and incidental costs and expenses (CL 1948, § 692.7).

2. SAME—FORECLOSURE BY ADVERTISEMENT—SALE OF SEPARATE PARCELS—OCCUPANCY—TIME.
   Requirement that separate sale be had of parcels of mortgaged property after foreclosure by advertisement if occupied and owned other than as one parcel has reference to the time of conducting the sale rather than to prior use or occupancy (CL 1948, § 692.7).

3. SAME—FORECLOSURE—STATUTES.
   One who seeks to foreclose a mortgage containing a power of sale, in accordance with the statute pertaining thereto, is bound to proceed in accordance with the requirements imposed by statute with reference to the proceeding (CL 1948, § 692.1 et seq.).

4. SAME—FORECLOSURE BY ADVERTISEMENT—SALE OF SEPARATE PARCELS—STATUTES.
   Requirement as to separate sale of mortgaged parcels after foreclosure by advertisement, where different parcels are occu-

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 37 Am Jur, Mortgages § 698.
[3] 37 Am Jur, Mortgages § 664.
[4, 5] 37 Am Jur, Mortgages § 738.
[6] 37 Am Jur, Mortgages § 647.
[7] 3 Am Jur, Appeal and Error § 790.
[8] 37 Am Jur, Mortgages § 801.

pied other than as one is mandatory, and party whose rights have been jeopardized by failure to comply therewith is entitled to ask in a proper proceeding that the sale be set aside (CL 1948, § 692.7).

5. SAME—FORECLOSURE BY ADVERTISEMENT—SALE OF SEPARATE PARCELS—STATUTES.
  Purchaser of 1 of 2 lots, subject to purchase-money mortgage given by vendors whose default on the mortgage was followed by statutory foreclosure proceedings and sale of the property under single bid of the mortgagee, although the evidence shows clearly that at the time of sale the 2 lots were not occupied as a single parcel *held*, entitled to have sale set aside, since the sale was not held pursuant to the statute (CL 1948, § 692.7).

6. SAME—STATUTES—FORECLOSURE—EQUITY.
  Provisions of statute relative to equitable foreclosures and *grant-ing to the court certain discretionary powers with reference to manner of sale are not applicable to sales under statutory foreclosure (CL 1948, § 619.22 *et seq.*; § 692.1 *et seq.*).

7. APPEAL AND ERROR—IRRELEVANT STATEMENTS—MOTION TO STRIKE.
  Motion to strike certain statements in the brief and appendix of appellee is denied, where irrelevant statements by counsel, mere conclusions, or unsupported allegations are disregarded in making determination on appeal in suit to set aside statutory fore-closure of a mortgage (CL 1948, § 692.1 *et seq.*).

8. MORTGAGES—SETTING ASIDE FORECLOSURE—FUTURE RELIEF.
  Decree setting aside invalid statutory foreclosure proceeding does not affect validity of mortgage nor preclude either an equitable or statutory foreclosure (CL 1948, § 692.1 *et seq.*).

Appeal from Wayne; Targonski (Victor), J. Submitted February 18, 1960. (Docket No. 80, Calendar No. 48,334.) Decided April 12, 1960.

Bill by Louis Masella against Edgar R. Bisson, Dessie G. Bisson, and the Estate of Kristen K. Tranberg, U. S. A. Heggblom, administrator with will annexed, to set aside mortgage foreclosure on basis of necessity for selling parcels separately. Bill dismissed. Plaintiff appeals. Reversed and decree ordered entered.

*Donald Wm. Sargent,* for plaintiff.

*U. S. A. Heggblom,* for defendant Tranberg Estate.

*E. E. Juntunen,* filing statement for defendants Bisson.

CARR, J. The question at issue in this case concerns the validity of a sale of real property under mortgage foreclosure proceedings. In December, 1952, Kristen K. Tranberg and wife were the owners of lots 131 and 132 of German's Montrose Park subdivision located on West Eight Mile road in Wayne county. The record before us indicates that the property had been used for residential purposes and for carrying on a landscaping business. Said business and the lots were sold to defendants Bisson, the grantors taking back a purchase-money mortgage as security for the unpaid portion of the consideration. For a period of approximately 18 months the purchasers continued the business. At that time there was a house on lot 131 but lot 132 was vacant and was used for the storage of equipment in connection with the operations mentioned.

Under date of February 18, 1954, defendants Bisson entered into a land contract with plaintiff Masella and Richard Salvaggio for the sale and purchase of lot 132 together with the landscaping business and the equipment used in connection therewith. The total consideration for the transaction was $8,000, of which sum $1,000 was paid down, the balance being payable at the rate of $250 or more per month. Thereafter Salvaggio transferred his interest under the contract to plaintiff Masella who continued to make payments until the balance remaining on the contract was approximately $1,300.

For a short time plaintiff Masella continued the

operation of the business that he had acquired and then sold it, the purchaser apparently removing it from its then location. Plaintiff at some time built a garage on lot 132 but for what purpose the record does not show. It is undisputed, however, that he continued the payments to defendants Bisson in accordance with the terms of the land contract.

Defendants Bisson failed to make payments in accordance with the terms of the purchase-money mortgage given by them to Mr. and Mrs. Tranberg on the lots in question. Kristen Tranberg died shortly after the decease of his wife, and an administrator, who is the attorney for the estate in this suit, was duly appointed. Foreclosure proceedings were instituted in accordance with the statute* authorizing the foreclosure of a mortgage, containing a power of sale, by advertisement. No question is raised in the case as to the validity of the proceedings prior to the sale which was conducted by a deputy sheriff of the county. The administrator of the Tranberg estate was present and made inquiry from others in proximity to ascertain if anyone desired to submit a bid on either of the lots. Receiving no affirmative response he then indicated to the officer that the estate would not tender a bid on the lots separately but would submit a bid covering both in the sum of $5,600.

It appears from the opinion of the trial judge in the case that the amount of the unpaid portion of the indebtedness secured by the mortgage was, including interest, $6,080.79 as of the date of the sale. The bid tendered was accepted. Such sale was conducted on August 24, 1957. The present suit was instituted by plaintiff on August 1, 1958, asking that the sale be set aside because of the failure to sell the lots separately. In his bill of complaint plain-

---

* CL 1948, § 692.1 *et seq.* (Stat Ann and Stat Ann 1959 Cum Supp § 27.1221 *et seq.*).

tiff alleged that if the sale were permitted to stand
he would suffer injury in being deprived of the right
to redeem from the sale of lot 132 alone. He further
asserted that redeeming both lots from the sale as
made would necessitate a payment of an additional
$4,700 over and above the balance owing by him on
the lot that he was purchasing from defendants
Bisson. His claim that the sale was void was based
on CL 1948, § 692.7 (Stat Ann § 27.1227), which
reads as follows:

"If the mortgaged premises consist of distinct
farms, tracts, or lots not occupied as 1 parcel, they
shall be sold separately, and no more farms, tracts,
or lots shall be sold than shall be necessary to satisfy
the amount due on such mortgage at the date of the
notice of sale, with interest and the cost and ex-
penses allowed by law but if distinct lots be oc-
cupied as 1 parcel, they may in such case be sold
together."

Defendants by their respective answers denied the
right of plaintiff to question the validity of the sale.
On behalf of the Tranberg estate it was insisted in
the circuit court, and likewise on this appeal, that
the sale was not in violation of the statute, such
argument being predicated on the claim that the 2
lots were in fact but a single parcel and that they
had been used together in carrying on the land-
scaping business as conducted by defendants Bisson,
and subsequently by plaintiff prior to the sale by
him of the business. Such claim presents the con-
trolling question in the case. Was the sale in vio-
lation of the statute because of the failure to sell
the lots separately? The trial judge filed an opinion
in which he discussed the factual situation at some
length, calling attention to matters on which the
parties to the case agreed, and apparently conclud-
ing that because of the manner in which the land-
scaping business had been conducted by the parties

that the sale of the 2 lots as one parcel was permissible.

The opinion of the trial court also called attention to the fact that following the sale and the acceptance of its bid the Tranberg estate through its administrator had procured a settlement of a tax lien imposed on both lots by the government of the United States, the exact basis of such lien not being shown by the record here, and had also satisfied a prior mortgage held by a third party. It appears from the opinion of the trial judge that the amount of such lien was in excess of $11,000, that it was settled by the estate for $1,267.72 in connection with which an attorney fee in the sum of $1,000 was claimed, and that the prior mortgage referred to necessitated the payment of an additional $376.04. In the instant case, however, we are concerned with the foreclosure of the mortgage, and specifically with the conduct of the sale of the mortgaged property in satisfaction of the indebtedness secured thereby, the question at issue being as above stated. From a decree entered by the trial court dismissing the bill of complaint plaintiff has appealed, asking reversal on the ground that under the facts involved the statute required the sale of the 2 lots separately.

The purpose of the statutory provision on which plaintiff relies is obvious. It was enacted by the legislature to protect parties having interests in the mortgaged premises by insuring a right of redemption where the occupancy and ownership are other than as one parcel. It was also designed to obviate the sale of more of such interests than required to satisfy the mortgage and the incidental costs and expenses. It is equally obvious that the requirement with reference to separate sales of parcels covered by the mortgage lien had reference to the time of conducting the sale rather than to prior use or occupancy. One who seeks to foreclose a mortgage

containing a power of sale, in accordance with the statute pertaining thereto, is bound to proceed in accordance with the requirements that the legislature has imposed with reference to the proceeding. In other words the requirement as to separate sales of different parcels, not occupied as one, is mandatory and one whose rights have been jeopardized by failure to comply with such requirement is entitled to ask in a proper proceeding that the sale be set aside.

The section of the statute in question here has been before this Court in numerous cases. A decision to which reference is frequently made was rendered in *Walker* v. *Schultz*, 175 Mich 280. There property that had in fact been platted, but as to which the plat had not been recorded, was conveyed in accordance with its unplatted description, the mortgage, however, containing a provision for the release of lots by the payment of $15 each with accrued interest. Many lots were sold to various parties. A purchase-money mortgage taken back on the premises was foreclosed by advertisement, the property being sold at sheriff's sale as an entirety and bid in by the mortgagee. Defendant Schultz claimed under a quitclaim deed from the mortgagee whose title was based on said foreclosure. Plaintiffs in the case were the owners of lots affected, and filed a bill of complaint in the nature of a suit to quiet title. The suit brought in issue the validity of the foreclosure sale. In holding that the sale was in violation of the statute and that plaintiffs were entitled to equitable relief notwithstanding a claim of laches based on delay in bringing suit, it was said, in part (p 290):

"Under the conceded facts in this case, Kudner's foreclosure sale and purchase of the property as an entirety, and not in distinct lots or parcels, was a palpable disregard of the plain provisions of CL

1897, § 11139 (How Stat [2d ed] § 13934).* To have the mortgaged subdivision sold in separate parcels was a substantial right of the owners of the fee, designed to protect the various interests of separate owners from prejudice or loss. This provision of the statute has several times been passed upon by this Court and sales made in violation of it defeated. *Lee* v. *Mason,* 10 Mich 403; * * * *Clark* v. *Stilson,* 36 Mich 482; *Durm* v. *Fish,* 46 Mich 312; *Keyes* v. *Sherwood,* 71 Mich 516; *Hawes* v. *Insurance Co.,* 109 Mich 324 (63 Am St Rep 581); *O'Connor* v. *Keenan,* 132 Mich 646. These decisions settle beyond possibility of doubt that the statutory requirement violated in this case is not merely directory, that the irregularity went to the foundation of the purchaser's title, and the sale was invalid."

*Walker* v. *Schultz, supra,* was followed in *Jerome* v. *Coffin,* 243 Mich 324. There a purchase-money mortgage was given in connection with a sale of unplatted property in Greenfield township, Wayne county. A provision of the mortgage, however, indicated that it was the intention of the purchaser to use the land for subdivision purposes, it being stipulated that any lot or parcel might be released from the lien of the mortgage upon payment of "a sum of money to be agreed upon for each lot." The mortgagor being in default defendant began statutory foreclosure by advertisement, and the premises were advertised and sold as a single parcel. Suit was brought for equitable relief and was granted in the trial court on the ground that the foreclosure sale was invalid under the provisions of the statute. In affirming the decree, it was said, in part (pp 329, 330):

---

* CL 1948, § 692.7 (Stat Ann § 27.1227), quoted in full *ante,* 516.— REPORTER.

"Plaintiff insists that the premises here involved were not at the time of the sale occupied as one parcel, and that for this reason the sale in gross was invalid. Upon this question, the burden rests on plaintiff. While other States have regarded similar provisions as directory only, this Court has treated them as mandatory, and has frequently sustained bills to redeem from sales which have not followed the statute. The provision is in the interest of parties entitled to redeem, and designed to protect the right to redeem each parcel separately. Twenty-eight of the lots have been sold on contract. Doubtless all the vendees in such contracts would insist, as interveners insist, that they have at least a constructive occupancy of the lots so purchased. But beyond this lies the fact that 3.53 acres were dedicated to the public for streets and alleys. The record does not disclose just how much of the dedicated land had been occupied by the city, but it does disclose that before the sale some of it at least had come under the occupancy of the city for street purposes, for alley purposes, for sewers, and for water mains, in other words, for the public use. Upon this record we are unable to distinguish the instant case from *Walker* v. *Schultz,* 175 Mich 280."

Among other decisions involving a situation analogous to that in the case at bar is *Northwestern Loan & Discount Corp.* v. *Scully,* 256 Mich 202. The mortgage there involved covered a parcel of land described by metes and bounds. Subsequently portions were sold by the mortgagor under land contracts, some of such parcels being released from the lien of the mortgage. The remainder of the property, including parcels sold but not released, was offered at the statutory foreclosure sale as an entirety and was bid in by the mortgagee. After the period of redemption had expired, the mortgagee filed a suit in equity for foreclosure of the mortgage on the ground that the sale under the statutory proceed-

ing was void. A decree in favor of defendants was reversed, this Court saying, in part:

"The statute, CL 1929, § 14431,* requires mortgaged premises, consisting of distinct tracts or lots, not occupied as one parcel, to be sold separately. The purchasers under land contracts had at least constructive occupancy of their several parcels at the time of sale and their rights should have been recognized. The title acquired by plaintiff is questionable, and the question is not solved by laches or the attitude of the mortgagor. The sale is vacated. This restores the mortgage. *Stackpole* v. *Robbins,* 47 Barb (NY) 212."

Counsel for the Tranberg estate cites and relies on *Long* v. *Kaiser,* 81 Mich 518. The facts there involved were somewhat unusual. The owner of a lot located in the village of Onsted, Lenawee county, mortgaged it as one parcel to the defendants to secure the payment of an indebtedness of $800. Subsequently a like mortgage as security for the payment of $200 was executed. The mortgagor sold to one of the defendants a portion of the mortgaged lot, the instrument of conveyance containing a provision referring to the mortgages in question and providing for their assumption and payment by the grantee. Thereafter the balance of the lot was conveyed by the owner to his brother, the plaintiff in the case, whether as a sale or as a gift not appearing from the opinion in the case. In subsequent foreclosure proceedings the mortgaged lot was sold in its entirety. The plaintiff later filed suit in equity alleging that the grantee of a portion of the lot had assumed the mortgage and agreed to pay it, and that the portion subsequently deeded to plaintiff should be relieved from the sale and from the mortgage lien. The trial court so decreed, but this

---

* Previously quoted.—REPORTER.

Court reversed on the ground that under the facts as found by the circuit judge the mortgagee could not be compelled to accept a part of the property as security for payment of the debt. Such issue is not involved in the case at bar, no claim being here made that lot 132 was not subject to the mortgage. Plaintiff's position is that the mortgaged property should have been sold as separate units, that they were in fact such, and that the sale as one parcel was in violation of the statute. Plaintiff in *Long* v. *Kaiser, supra,* based his right to relief on the equities of the situation and not on the statute here involved. The case varies both as to facts and issues from the controversy now before us. Our problem here is whether the statute was violated in the conducting of the sale.

It is of course obvious that 2 or more lots may actually be so occupied and used as to constitute a single parcel within the meaning of the statute. Such a situation was presented in *New England Mutual Life Ins. Co.* v. *Lindenbaum,* 276 Mich 111. There a brick building consisting of 5 stores and apartments, with garages in the rear, was constructed on 3 of 4 lots covered by the mortgage. On the fourth lot and a portion of one of the 3 lots another building, consisting of stores and flats, was built. A mortgage on the 4 lots was foreclosed under the statute by advertisement and the property sold in its entirety. It was the claim of the plaintiff that the sale should have been made in 2 parcels on the theory that there were 2 separate buildings. However, it appeared that said buildings were separated only by a fire wall and not a party wall. Under the peculiar facts involved this Court upheld the decree of the trial court sustaining the sale. See, also, the discussion in the opinion in *Petoskey* v. *Home Owners' Loan Corp.,* 300 Mich 391.

The trial judge in dismissing the bill of complaint did not pass on the question whether at the time of the sale the 2 lots were occupied as 1 parcel. From the record before us it clearly appears that they were not so used at that time. We are not concerned with whether Mr. and Mrs. Tranberg employed both lots in carrying on their landscaping business or whether Mr. and Mrs. Bisson did so. When lot 132 was sold on land contract to plaintiff no interest in lot 131 passed. The instrument provided that plaintiff might use the office in the basement of the house on lot 131 subject to termination if said lot were sold. It is evident that plaintiff and defendants Bisson did not consider that the landscaping business necessitated the use of both lots. No mention was made of using lot 131 for storage or for the accommodation of equipment otherwise. When plaintiff took over the business it appears that he made some arrangement with the tenant in possession of the residence on lot 131 whereby the latter would receive telephone messages. Apparently this was a voluntary arrangement with the tenant subject to termination at any time, and if any equipment was allowed to be placed on lot 131 by the tenant, such was a mere matter of sufferance. It does not appear that plaintiff claimed any rights in lot 131 or that he actually used the office in the basement. It may well be questioned if his arrangement with the tenant in possession as to telephone calls constituted such a use. Actually it involved the rendition of a personal service by the tenant of lot 131. Such arrangement was made by plaintiff and the owner of lot 131 had nothing to do therewith. The situation clearly appears from the deposition of defendant Edgar R. Bisson which was taken in accordance with a motion for discovery made by counsel for the Tranberg estate. The opinion of the trial judge indicates that by stipulation of counsel this

deposition was included in the agreement as to the facts, and submitted accordingly.

The significant facts in the case are that plaintiff after operating the landscape business for a period immediately following his purchase thereof sold the equipment and the business and, as appears from the Bisson deposition, that no such business was thereafter conducted on either lot. We note in this connection that the administrator of the Tranberg estate in his brief criticizes plaintiff because he failed to use the proceeds, or any portion of the proceeds, derived from the sale of the business, asserted to be the sum of $4,500, in discharging any part of the obligation owing to the estate. However, such failure does not bear on the question as to the validity of the foreclosure sale. We are concerned solely with that issue and not with any general equities that may have arisen from the acts of the parties.

It is of some significance also that at the time of the sale the administrator was present and, as before noted, raised some question as to whether there were parties present that might wish to bid on the lots separately. Such conduct indicates that it was recognized at the time that such bidding would be permissible. It is obvious that the administrator, acting on behalf of the estate, might have made separate offers for the lots. No reason to the contrary is apparent, or is claimed. However, such course was not followed. Without discussing the record before us in further detail we think it fairly appears that at the time of the sale these lots did not constitute a single parcel. They were not occupied or used together at that time.

Counsel also suggests reliance on the rule, recognized in foreclosures in equity, that if bids may not be obtained for separate parcels the property covered by the mortgage may be sold in its entirety.

However, the provisions of the statute\* relating to equitable foreclosures and granting to the court certain discretionary powers with reference to the manner of sale are not applicable to sales under statutory foreclosure. In an equity suit parties in interest are entitled to be heard before the court, and objections to confirmation of a sale may be submitted. As before noted, one who seeks the statutory remedy in preference to resort to the equitable proceeding is bound to comply with the statute. For the reason indicated *Burroughs* v. *Teitelbaum,* 309 Mich 251, is not in point. The same comment applies to *Walsh* v. *Colby,* 153 Mich 602 (126 Am St Rep 546).

Counsel for plaintiff has submitted a motion to strike certain statements in the brief and appendix filed on behalf of the Tranberg estate. In determining the facts and issues involved irrelevant statements by counsel, mere conclusions, or allegations finding no support in the record must be disregarded. This has been done in the instant case. No useful purpose would be served by a discussion of the specific matters raised by the motion, which may be considered as denied.

The sale having been conducted in violation of a mandatory provision of the statute pertaining thereto the conclusion cannot be avoided that it was invalid. A decree will enter in this Court granting the relief sought by plaintiff in his bill of complaint. The validity of the mortgage is not affected, and, in consequence, such decree will not preclude foreclosure and sale of the mortgaged premises in accordance with the statutes pertaining thereto, nor constitute a bar to a suit in equity in which matters not embraced within the scope of the present case

---

\* CL 1948, § 619.22 *et seq.* (Stat Ann and Stat Ann 1949 Rev § 27.1132 *et seq.*).

may properly be raised and determined. Plaintiff may have costs.

Dethmers, C. J., and Kelly, Smith, Black, Edwards, Kavanagh, and Souris, JJ., concurred.