# STATE OF MICHIGAN

# COURT OF APPEALS

JPMORGAN CHASE BANK,

        Plaintiff/Counter-Defendant-
        Appellee,

v

KAYS ZAIR and PATRICE ZAIR,

        Defendants/Counter-Plaintiffs-
        Appellants.

UNPUBLISHED
January 12, 2017

No. 329761
Oakland Circuit Court
LC No. 2015-146118-CH

Before: BOONSTRA, P.J., and CAVANAGH and K. F. KELLY, JJ.

PER CURIAM.

Defendants, Kays Zair and Patrice Zair, appeal as of right an order granting summary disposition in favor of plaintiff, JPMorgan Chase Bank, dismissing defendants' counterclaim filed in response to summary eviction proceedings initiated by JPMorgan. We reverse.

By warranty deed dated October 27, 1999, defendants were the record title owners of residential property located at 2575 Hiller, West Bloomfield, Michigan ("the property"). On April 19, 2002, defendants executed a promissory note and mortgage against the property in the amount of $250,000 in favor of Peoples State Bank, i.e., the "Peoples State Bank mortgage."

On December 11, 2006, defendants executed a promissory note and mortgage in the amount of $1,321,000 in favor of plaintiff, JPMorgan, i.e., the "JPMorgan mortgage." JPMorgan claimed that, as a condition of this transaction, a subordination agreement was entered so that the Peoples State Bank mortgage was made subordinate to the JPMorgan mortgage, placing the JPMorgan mortgage in a first lien position against the property.

Nevertheless, on March 30, 2010, Peoples State Bank foreclosed on the property by advertisement, was subsequently the highest bidder at $264,824.75, and obtained a sheriff's deed. Defendants did not redeem the property, MCL 600.3240. It appears that defendants negotiated an option agreement with Peoples State Bank that would allow their daughter, Tiffany Zair, to purchase the property for $850,000, but the option agreement expired on October 31, 2010, without being completed by the parties.

In February 2011, People State Bank's interest in the property was purchased by First Michigan Bank, which later changed its name to Talmer Bank & Trust.

On March 29, 2011, JPMorgan sued First Michigan Bank, as successor in interest to Peoples State Bank, as well as the Zairs, alleging that, by foreclosing on the property, Peoples State Bank breached the subordination agreement which had placed the JPMorgan mortgage in the first lien position with regard to the property. Subsequently, JPMorgan and First Michigan Bank entered into a consent order setting aside the sheriff's sale and deed, restoring the liens, and establishing that JPMorgan's lien had first priority. The trial court entered the consent order and the case was dismissed. The Zairs appealed, arguing that their consent to the "consent order" was also required because they were named parties. This Court agreed, vacated the consent order, and remanded for further proceedings. *JPMorgan Chase Bank, NA v First Mich Bank*, unpublished opinion per curiam of the Court of Appeals, issued June 27, 2013 (Docket No. 309857).

Following remand, JPMorgan decided to voluntarily dismiss its lawsuit, which would leave intact the foreclosure by People State Bank/First Michigan Bank, as well as the sheriff's deed. The Zairs opposed the voluntary dismissal, and JPMorgan argued that the Zairs' property rights were lost by the foreclosure proceeding. The trial court granted the voluntary dismissal, and the Zairs appealed, arguing that the voluntary dismissal should not have been "without prejudice and without costs." This Court affirmed, holding that the Zairs could not establish any prejudice since they "no longer have an interest to protect in the subject property." *JPMorgan Chase Bank, NA v First Mich Bank*, unpublished opinion per curiam of the Court of Appeals, issued January 29, 2015 (Docket No. 318763); slip op at 4. That is, by the time JPMorgan filed its lien-priority dispute lawsuit in March 2011, the Zairs had no property right to vindicate—the redemption period had expired and they had raised no allegations of fraud or irregularity. *Id*., slip op at 4-5. This Court referenced the purported option agreement involving the Zairs' daughter, but noted that it was rendered null and void when she failed to exercise the option by the expiration date. *Id*., slip op at 5. This Court concluded: "Accordingly, the Zairs ended the lawsuit in the same position as they began, holding over on property on which they had no legal right to reside." *Id*., slip op at 6.

On December 10, 2013, JPMorgan purchased First Michigan Bank's interests in the property for $10 and obtained a quitclaim deed for the property from First Michigan Bank.

About a year later, on December 2, 2014, JPMorgan instituted summary proceedings for possession in the 48th District Court, seeking to evict defendants from the property. Defendants filed an answer, affirmative defenses, and a counterclaim alleging that JPMorgan did not have title to the property because the foreclosure was improper since the underlying mortgage had been discharged and released by Peoples State Bank as set forth in the Discharge of Mortgage document dated March 1, 2004—well before the JPMorgan mortgage, subordination agreement, and 2010 foreclosure proceedings initiated by Peoples State Bank. That is, defendants claimed, the alleged mortgage foreclosure was unlawful and the sheriff's deed void ab initio because the underlying mortgage had been discharged in 2004. The Discharge of Mortgage was attached; it was executed on behalf of Peoples State Bank by Ted Bangert as Senior Vice President and Avis Karim as Vice President, and it was notarized.

In February 2015, by stipulated order, defendants' counterclaim was severed from the summary proceedings and transferred to the Oakland Circuit Court for determination. The eviction action was also stayed.

-2-

In August 2015, JPMorgan filed its motion for summary disposition of defendants' counterclaim pursuant to MCR 2.116(C)(7) and (C)(8), noting that despite extensive previous litigation in this matter, defendants were challenging the 2010 foreclosure sale of the property for the first time on the ground that the foreclosed mortgage had been discharged in 2004. JPMorgan argued that defendants lacked standing to challenge the 2010 foreclosure because the statutory redemption period expired and defendants failed to redeem or challenge the proceeding; thus, they lost all right, title, and interest in the property. Further, JPMorgan argued, defendants failed to allege that they were prejudiced by any procedural defect related to the foreclosure proceeding conducted under MCL 600.3204. Moreover, JPMorgan argued, res judicata barred the counterclaim because this Court's opinion in the 2011 "voluntary dismissal" appeal confirmed that defendants had no interest in the property after the expiration of the redemption period and had no right to challenge the 2010 foreclosure. Further, the doctrine of judicial estoppel applied to prevent defendants from challenging the finality of the foreclosure and title to the property when they conceded those points in previous lawsuits.

Defendants filed a response to JPMorgan's motion for summary disposition, explaining that the Mortgage Discharge document was provided to defendants on December 15, 2014, by Transworld Title Company, LLC, despite the fact that Transworld had repeatedly denied having any mortgage-related documents. Apparently, Peoples State Bank had loaned money to a company that Kays Zair had an interest in and required the mortgage at issue on his real property as collateral. Defendants asserted that Kays Zair was one of Peoples State Bank's "top customers" because he was involved in various organizations requiring such a business relationship with the bank. In any case, defendants argued, the mortgage was subsequently discharged as evidenced by the fully executed and notarized Mortgage Discharge dated March 1, 2004; nevertheless, Peoples State Bank—who failed to record the discharge—unlawfully initiated foreclosure proceedings when it should have known that it had discharged the mortgage.

Defendants argued that they did, indeed, have standing to challenge the unlawful foreclosure proceeding because they owned the property and Peoples State Bank did not have a mortgage to foreclose. "It is axiomatic that, with no mortgage or an interest in the mortgage, the Bank's alleged foreclosure was and remains invalid." Further, case law showed that unlawful foreclosures can be contested for the first time as late as at the time of the summary proceedings for eviction. Although the Mortgage Discharge was not recorded, it was not required to be recorded to be valid. And clearly, defendants argued, they were prejudiced by the unlawful foreclosure proceeding—they lost their home and such unlawful foreclosure constituted a cloud on the title to their property. Further, with regard to this Court's opinion in the 2011 "voluntary dismissal" lawsuit, whether the foreclosure was unlawful was not at issue; thus, this Court's statements regarding defendants' interests in the property were merely *obiter dictum* and not binding. Moreover, neither res judicata nor judicial estoppel applied because in the previous lawsuits the lawfulness of the foreclosure by Peoples State Bank was not at issue and defendants never successfully asserted a position that was wholly inconsistent with their claim now that a mortgage discharge precluded foreclosure. Accordingly, defendants argued that they were entitled to a grant of summary disposition in their favor.

On September 30, 2015, the trial court issued its opinion and order granting JPMorgan's motion for summary disposition pursuant to MCR 2.116(C)(7). The court held that (1) defendants lacked standing because they could not show that they suffered an "injury in fact"

since "they no longer hold a legally protected interest in the Property;" (2) defendants failed "to allege any prejudice unique to them as a result of the foreclosure proceedings;" (3) res judicata barred defendants' claim because this Court held in the "voluntary dismissal" lawsuit that defendants had no interest in the property and the matter contested could have been resolved in the previous litigation; and (4) JPMorgan failed to establish judicial estoppel applied. Accordingly, the case was dismissed and returned to the 48th District Court for continuation of the pending eviction proceedings. This appeal followed.

Defendants argue that JPMorgan was not entitled to summary disposition because defendants had standing to challenge JPMorgan's claim of superior title to their property in the summary eviction proceeding; defendants were prejudiced by the foreclosure proceeding; and res judicata did not apply because defendants could not have challenged the lawfulness of the foreclosure proceeding in the previous litigations. We agree.

The trial court granted JPMorgan's motion for summary disposition under MCR 2.116(C)(7). We review de novo a trial court's decision on a motion for summary disposition. *RDM Holdings, Ltd v Continental Plastics Co*, 281 Mich App 678, 686; 762 NW2d 529 (2008). When considering a motion brought under MCR 2.116(C)(7), the contents of the complaint must be accepted as true unless contradicted by documentary evidence. *Id*. at 687. Further, all documentary evidence submitted by the parties must be considered in the light most favorable to the nonmoving party. *Id*. "If there is no factual dispute, whether a plaintiff's claim is barred under a principle set forth in MCR 2.116(C)(7) is a question of law for the court to decide. If a factual dispute exists, however, summary disposition is not appropriate." *Id*. (citation omitted). Whether a person has standing and whether res judicata barred a claim are reviewed de novo as issues of law. *Trademark Props of Mich, LLC v Fed Nat'l Mtg Ass'n*, 308 Mich App 132, 136; 863 NW2d 344 (2014); *RDM Holdings, Ltd*, 281 Mich App at 686.

JPMorgan argued in the trial court that defendants lacked standing to assert an interest in the property and the trial court agreed holding that, considering the foreclosure by advertisement proceedings, defendants no longer held a legally protected interest in the property. However,

> [t]he Supreme Court has long held that the mortgagor may hold over after foreclosure by advertisement and test the validity of the sale in the summary proceeding. Otherwise, the typical mortgagor who faces an invalid foreclosure would be without remedy, being without the financial means to pursue the alternate course of filing an independent action to restrain or set aside the sale. The mortgagor may raise whatever defenses are available in a summary eviction proceeding. [*Mfrs Hanover Mtg Corp v Snell*, 142 Mich App 548, 553; 370 NW2d 401 (1985) (internal citations omitted).]

JPMorgan filed this summary eviction proceeding in 2014, about a year after acquiring a quitclaim deed in 2013 from First Michigan Bank, the successor in interest of Peoples State Bank which actually foreclosed on the property by advertisement years before in 2010. Following the foreclosure by advertisement, defendants remained on the property without interruption for years. Thus, once JPMorgan sought defendants' eviction, defendants were entitled to "test the validity of the sale in the summary proceeding" and could "raise whatever defenses are available in a summary eviction proceeding." *Id*. That is, defendants could argue that the mortgage was

-4-

discharged so the foreclosure sale was invalid and, thus, they were the rightful owners of the property. Further, MCL 600.2932(1) provides: "Any person . . . who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action in the circuit court against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff . . . ." And actions under MCL 600.2932 are subject to a 15-year statute of limitations. *Adams v Adams (On Reconsideration)*, 276 Mich App 704, 714-719; 742 NW2d 399 (2007). Accordingly, contrary to the trial court's holding, defendants had standing to bring their counterclaim challenging JPMorgan's claim of superior title to the property.

The trial court also held that defendants failed to allege that they were prejudiced by any procedural defect related to the foreclosure proceeding conducted under MCL 600.3204. We, again, disagree. Defendants alleged that they were, in fact, the owners of the property that JPMorgan was seeking to have them evicted from and, thus, their property rights were being infringed upon by the eviction proceedings. It is well-settled that foreclosure of a mortgage containing a power of sale is permissible by advertisement if the proceedings are instituted in accordance with the foreclosure statutes. *Masella v Bisson*, 359 Mich 512, 517-518; 102 NW2d 468 (1960). "The theory underlying Michigan's foreclosure by advertisement scheme is that the provisions of the foreclosure by advertisement statute, [MCL 600.3201 *et seq*.], become part of the contract between the mortgagor and the mortgagee." *Mfrs Hanover Mtg Corp*, 142 Mich App at 553. However, before a mortgagee may foreclose a mortgage by advertisement, certain statutory requirements must be met. *Masella*, 359 Mich at 515. Clearly, the "power of sale" provision in a mortgage does not become operative unless there is a "default in a condition of the mortgage." MCL 600.3204(1)(a).

In this case, defendants have provided documentary evidence, the fully executed and notarized Mortgage Discharge, in support of their claim that the mortgagee, Peoples State Bank, held no mortgage to foreclose on—it had been discharged years before; thus, the foreclosure was unlawful.[1] The trial court was required to consider the documentary evidence submitted by the parties in the light most favorable to defendants, as the non-moving parties with respect to JPMorgan's motion for summary disposition. While it is true that generally only a significant irregularity will warrant setting aside a foreclosure sale,[2] the non-existence of a mortgage to foreclose upon is such a significant irregularity. Accordingly, defendants clearly alleged prejudice as a consequence of Peoples State Bank's failure to comply with the foreclosure by advertisement statute, i.e., the basic requirements of a mortgage existing and its default, resulting in the purportedly invalid foreclosure proceedings which ultimately gave rise to JPMorgan

---

[1] While the Mortgage Discharge was not recorded, it was incumbent on the mortgagee, Peoples State Bank, and not on defendants, to file the discharge with the register of deeds. See MCL 565.41(1); 565.44(1). Accordingly, Peoples State Bank could not be considered a "good faith purchaser" of the property who acquired it without notice of the discharge. See MCL 565.29, 565.35.

[2] See, e.g., *Sweet Air Investment, Inc v Kenney*, 275 Mich App 492, 497; 739 NW2d 656 (2007) (citation omitted).

acquiring the invalid quitclaim deed relied upon in the eviction proceeding filed against defendants.

Finally, the trial court held that res judicata barred defendants' claim because this Court stated in the "voluntary dismissal" lawsuit that defendants had no interest in the property and the matter contested could have been resolved in the previous litigation. "In general, res judicata bars a subsequent action between the same parties when the facts or evidence essential to the action is identical to that essential to a prior action." *Richards v Tibaldi*, 272 Mich App 522, 530; 726 NW2d 770 (2006). More specifically, res judicata requires that "(1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Washington v Sinai Hosp of Greater Detroit*, 478 Mich 412, 418; 733 NW2d 755 (2007) (citation omitted).

As discussed above, in 2011 JPMorgan sued First Michigan Bank, as successor in interest to Peoples State Bank, as well as defendants, alleging that the subordination agreement between Peoples State Bank and JPMorgan was breached when Peoples State Bank foreclosed on the property. After the consent order between JPMorgan and First Michigan Bank was vacated by this Court, and following remand, JPMorgan sought to voluntarily dismiss the lawsuit and the request was granted by the trial court. Defendants challenged the dismissal as improper because it was "without prejudice and without costs," and this Court affirmed, noting that defendants no longer had an interest in the property to protect. However, at that point in time, defendants had no knowledge of the purported Mortgage Discharge document which Peoples State Bank had failed to record and, according to defendants, Transworld Title Company had failed to provide until December 15, 2014, despite previous requests for all mortgage-related documents. Thus, defendants could not have challenged the lawfulness of the foreclosure. Accordingly, defendants' challenge to JPMorgan's claim of superior title to the property could not have been raised or resolved in the previous breach of contract matter. At that time, as this Court noted, defendants were merely holding over on property in which they could not prove, and did not even know, they might have the legal right to reside. Thus, res judicata did not apply to bar this action.

In summary, defendants had standing to challenge JPMorgan's claim of superior title to the property in the summary eviction proceeding; defendants alleged that they were prejudiced by procedural defects related to the foreclosure proceeding; and res judicata did not apply because defendants could not have challenged the lawfulness of the foreclosure proceeding in the previous litigations. Accordingly, the trial court's order granting JPMorgan's motion for summary disposition is vacated.

Next, defendants argue that the trial court should have granted summary disposition in their favor under MCR 2.116(I)(2). We disagree. "Summary disposition is properly granted [under MCR 2.116(I)(2)] to the opposing party if it appears to the court that that party, rather than the moving party, is entitled to judgment." *Sharper Image Corp v Dep't of Treasury*, 216 Mich App 698, 701; 550 NW2d 596 (1996). In this case, defendants counterclaim relies wholly on the validity of, and circumstances surrounding the execution of, the late-discovered and unrecorded Mortgage Discharge, which are matters requiring factual proofs that were not provided to the trial court. Accordingly, defendants were not entitled to summary disposition of their counterclaim.

Finally, defendants argue that the circuit court did not have subject-matter jurisdiction over their counterclaim and that, if remanded, the case should be assigned to a different judge. We disagree. We review de novo whether a court had subject-matter jurisdiction. *Clohset v No Name Corp (On Remand)*, 302 Mich App 550, 559; 840 NW2d 375 (2013).

Pursuant to MCL 600.605, the circuit court generally has original jurisdiction over all civil claims and remedies unless exclusive jurisdiction is vested in another court. Defendants do not argue, and the district court did not have, exclusive jurisdiction over the claims raised in their counterclaim, which essentially challenged the underlying foreclosure proceeding and JPMorgan's purported interest in the property. Further, defendants stipulated to the removal of their counterclaim to the circuit court; thus, defendants cannot now argue on appeal that the resulting action was erroneous. See *Hodge v Parks*, 303 Mich App 552, 556; 844 NW2d 189 (2014).

And defendants' request to have this case assigned to a different judge on remand is denied. Generally, the same judge will hear a remanded case unless the appearance of justice requires that a different judge hear the case. *Bayati v Bayati*, 264 Mich App 595, 602-603; 691 NW2d 812 (2004). That is, remand to a different judge is appropriate "if the original judge would have difficulty in putting aside previously expressed views or findings, if reassignment is advisable to preserve the appearance of justice, and if reassignment will not entail excessive waste or duplication." *Id*. We have reviewed this matter and it does not appear from the record that the presiding judge expressed biased views or would be unable to put his previous rulings aside and rule fairly on remand. See *id*. at 603. Adverse rulings alone are not sufficient to warrant remand before a different judge. See *id*.

In summary, the trial court erred when it granted JPMorgan's motion for summary disposition and this matter is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded for further proceedings. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly

-7-